IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

BAYAAN ACADEMY, INC.; ISLAMIC §
SERVICES FOUNDATION; THE EAGLE §
INSTITUTE; LAYLA DAOUDI; MUNA §
HAMADAH; FARHANA QUERISHI, §
§
    *Plaintiffs*, §
§          CIVIL NO. 4:26-CV-1960
v. §
§
KELLY HANCOCK, in his official §
capacity as Acting Comptroller of Public §
Accounts; THE OFFICE OF THE TEXAS §
COMPTROLLER OF PUBLIC §
ACCOUNTS; MARY KATHERINE §
STOUT, in her official capacity as Program §
Director over the Education Savings §
Accounts Program, §
§
    *Defendants*. §          JURY TRIAL DEMANDED

## NOTICE OF SUPPLEMENTAL AUTHORITY AND EVIDENCE IN SUPPORT OF APPLICATION FOR TEMPORARY RESTRAINING ORDER

Plaintiffs offer supplemental authority and additional evidence in support of their application for temporary restraining order.

### SUPPLEMENTAL AUTHORITY

Plaintiffs are likely to succeed on the merits of their claim because the exclusion of Islamic schools from the program burdens their right to free exercise of their religion and their right of association. This is true not only because of the cases and evidence already cited, but also because numerous recent Supreme Court cases illuminate the merits here.

First, Parent Plaintiffs are likely to succeed in their challenge to Defendants' blanket exclusion of Islamic schools from the Program. Just last term, the Supreme Court found that

1

parents were likely to succeed on a challenge to their school district's policy that limited the parents' choice to opt out of instruction that conflicted with their religious beliefs. *Mahmoud v. Taylor*, 606 U.S. 522, 546 (2025). A parent's right to direct the religious upbringing of their child goes to the heart of their religious beliefs. *Id.* The Court found that by limiting the parents' ability to opt out of instruction that conflicted with their religious ideology, the school district substantially burdened the parents' Free Exercise rights. *Id.* at 546. "The practice of educating one's children in one's religious beliefs, like all religious acts and practices, receives a generous measure of protection from our Constitution." *Id.* at 547. This choice "extends to the choices that parents wish to make for their children outside the home" and includes "a parent's decision to send his or her child to a private religious school instead of a public school." *Id.* (citing *Pierce v. Society of Sisters*, 268 S.W.510, 532–35 (1925)). The Court limited the government's ability to interfere with parents' religious choice in a public-school setting. *Id.* at 547. And, critically, the Court reaffirmed the principal that any substantial interference with the "religious development" of parent-plaintiffs' children pose a "'very real threat of undermining' the religious beliefs and practices that the parents wish to instill in their children" and thus cannot be upheld without surviving strict scrutiny. *Id.* (quoting *Wisconsin v. Yoder*, 406 U.S. 205, 218 (1972)).

Those same limits protect Parent Plaintiffs in this case. Here, Defendants are interfering with Parent Plaintiffs' choice by entirely excluding Islamic schools from the Program. Restricting Parents Plaintiffs' ability to use TEFA funds at an Islamic school, simply because the school teaches the Islamic faith, substantially burdens Parents Plaintiffs' right to direct the religious upbringing of their children. The Supreme Court recently recognized that religious education is "important in Islam," too: "The acquisition of at least rudimentary knowledge of religion and its duties [is] mandatory for the Muslim individual. This precept is traced to the Prophet Muhammad,

who proclaimed that 'the pursuit of knowledge is incumbent on every Muslim. The development of independent Islamic private schools has become an important part of the picture of Muslim education in America." *Our Lady of Guadalupe School. v. Morrissey-Berru*, 591 U.S. 731, 755–56 (2020). Defendants' actions tie Parent Plaintiffs' hands. By excluding Islamic schools from the list entirely, Defendants' actions effectively exclude Parent Plaintiffs from the Program. Plaintiffs are thus likely to succeed on their challenge to the exclusion.

Second, School Plaintiffs are also likely to succeed on their challenge to Defendants' policy excluding them from the Program based on their religious affiliation. Defendants' policy of excluding Islamic schools from the program based on their religious affiliation is neither neutral or generally applicable, and thus, is subject to strict scrutiny for that reason as well. *See Fulton v. City of Philadelphia, PA*, 593 U.S. 522, 533 (2018) (explaining that strict scrutiny is required when the government "has burdened the religious exercise of [the plaintiff] through policies that do not meet the requirement of being neutral and generally applicable"). The Texas Legislature enacted TEFA as a neutral, generally applicable program, ordering Defendants to approve qualified school providers if they met certain criteria. Defendants have failed to abide by the Legislature's command, however, and have instead excluded Plaintiff Schools or refused to process applications simply on the basis of their religious affiliation. "The government fails to act neutrally when it proceeds in a manner intolerant of religious beliefs or restricts practices because of their religious nature." *Id.* at 533 (citing *Masterpiece Cakeshop, Ltd. v. Colorado Civil Rights Comm'n*, 584 U.S. 617, 636–39 (2018)). More, Defendants' comments and other official rhetoric demonizing the Islamic faith and Islamic schools casts doubt on Defendants' ability to administer the Program, including the lottery, in a neutral, fair manner. *Masterpiece Cakeshop*, 584 U.S. at 636. Defendants' practice of excluding Islamic schools while approving thousands of other similarly

situated education service providers fails to satisfy strict scrutiny, and Plaintiff Schools are likely to succeed in their challenge against the exclusion.

In sum: "The First Amendment *mandates* government neutrality between religions and subjects any state-sponsored denominational preference to strict scrutiny." *Catholic Charities Bureau, Inc. v. Wis. Labor & Industry Review Comm'n*, 605 U.S. 238, 241–42 (2025) (emphasis added). Given Defendants' and other public officials' express statements excluding these schools based on their religious belief, that neutrality is expressly absent here. Defendants have imposed a denominational preference by differentiating between religions based solely on theological lines. They are excluding Islamic schools simply in a non-neutral manner, based on their religious belief, and without any justification that could survive strict scrutiny. Defendants' actions violate Plaintiffs' right to free exercise, right to association, and right to equal protection. Plaintiffs are likely to succeed and this Court should enter a temporary restraining order enjoining Defendants from administering the Program in a discriminatory manner.

### ADDITIONAL EVIDENCE

Finally, Plaintiffs attach the following supplemental evidence in support of their Application:

1. Revised Exhibit F (Declaration of Farhana Querishi): the previously submitted declaration was undated; this replacement includes the date of the declarant's signature;

2. Exhibit R: Declaration of Midhat Ali (Principal of Non-Party Houston Quran Academy Spring);

3. Exhibit S: Declaration of Farina Zeeshan (Director of Ameen Academy)

4. Exhibit T: Email correspondence to Sumair Balkhi, from Barbara-Jane Paris, dated March 13, 2026.

5. Exhibit U: Declaration of Shaza Khan, Islamic Schools League of America

6. Exhibit V: Declaration of Fawzi Belal (Head of School of Qalam Collegiate Academy)

7. Exhibit W: Declaration of Hanan Almasri (Principal of IANT Quranic Academy).

Respectfully submitted,

**ARAMBULA TERRAZAS PLLC**

1001 S. Capital of Texas Highway, Bldg. L, Suite 250
Austin, Texas 78746
512.904.0200

By: /s/ *Eric A. Hudson*
Eric A. Hudson
State Bar No. 24059977
Fed. Id. No. 1000759
ehudson@atlawpllc.com
Cole P. Wilson
State Bar No. 24122856
Fed. Id. No. 3864133
cwilson@atlawpllc.com

**Attorney-in Charge**

**WRIGHT, CLOSE, BARGER & GUZMAN LLP**

**By:** */s/ Maha Ghyas*
Maha Ghyas
State Bar No. 24138115
Fed. Id. No. 3863190
mghyas@wcbglaw.com
Bradley W. Snead
State Bar No. 24049825
Fed. Id. No. 1127744
bsnead@wcbglaw.com
Michael Adams-Hurta
adams-hurta@wcbglaw.com
State Bar No. 24097860
Fed. Id. No. 3290975
One Riverway Dr., Suite 2200
Houston, TX 77056

**ATTORNEYS FOR PLAINTIFFS ISLAMIC
SERVICES FOUNDATION, BAYAAN ACADEMY
INC. AND MUNA HAMADAH**

5

**EDWARDS SUTARWALLA SAMANI LLP**


By: _____
Murtaza F. Sutarwalla
State Bar No. 24056398
Fed. Id. No. 2589991
Mansoor Broachwala
Illinois State Bar No. 6326633
Fed. Id. No. 3943228
602 Sawyer St., Suite 490
Houston, Texas 77007
Phone: (713) 565-1353
Email: murtaza@esslawpartners.com
Email: mansoor@esslawpartners.com

**LAW OFFICES OF OMAR KHAWAJA PLLC**

By: */s/ Omar Khawaja (with permission)*
Omar Khawaja
State Bar No: 24072181
Fed. Id. No. 3521501
Abdul Rahman Farukhi
State Bar No. 24065220
Fed. Id. No. 3291830
5177 Richmond Ave.
Suite 1065
Houston, Texas 77056
Telephone: (281) 888-2339
Fax: (281) 888-2421
Email: omar@attorneyomar.com
Email: abdul@attorneyomar.com


**ATTORNEYS FOR PLAINTIFFS BAYAAN ACADEMY INC., THE EAGLE INSTITUTE, FARHANA QUERISHI, AND LAYLA DAOUDI**

*/s/ Ayesha Najam (with permission)*
Ayesha Najam
Attorney-In-Charge
State Bar No. 24046507
Federal ID: 605948
anajam@gibbsbruns.com

6

Gibbs & Bruns LLP
1100 Louisiana, Suite 5300
Houston, Texas 77002
Tel.: (713) 650-8805
Fax: (713) 750-0903

OF COUNSEL:

Michael Davis
Federal ID: 3588027
mdavis@gibbsbruns.com
Gibbs & Bruns LLP
1100 Louisiana, Suite 5300
Houston, Texas 77002

**ATTORNEYS FOR PLAINTIFFS THE EAGLE INSTITUTE, FARHANA QUERISHI, AND LAYLA DAOUDI**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on March 16, 2026, a true and correct copy of the foregoing was served on all counsel of record via the Court's CM/ECF system in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Texas.

/s/ *Eric A. Hudson*____
Eric A. Hudson

7