**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| BAYAAN ACADEMY, INC., et al.,<br><br>    *Plaintiffs*,<br><br>v.<br><br>KELLY HANCOCK, et al.,<br><br>    *Defendants*. | CIVIL ACTION NO. 4:26-CV-1960<br>Lead<br><br><br>NO. 4:26-cv-1675<br>*Consolidated* |

### MOTION TO WITHDRAW AS COUNSEL

Zachary Rhines, Ali Thorburn, and Grey Johnston, on behalf of Texas Attorney General Ken Paxton, (collectively, "Counsel") file this motion to withdraw as counsel for Defendants Kelly Hancock, in his official capacity as Acting Comptroller of Public Accounts, the Texas Office of the Comptroller of Public Accounts, and Mary Katherine Stout, in her official capacity as Program Director for the Education Savings Account Program, and would respectfully show the Court the following:

### BACKGROUND

1.      As the Court knows, Counsel have diligently represented the Defendants, including Acting Comptroller Kelly Hancock, his office, and his employee, Mary Katherine Stout, since the inception of this litigation. Counsel have attended hearings, filed briefs, and communicated at length with their clients to provide the best legal defense available under the law.

2.      On March 24, 2026, Acting Comptroller Kelly Hancock publicly released a letter addressed to Attorney General Ken Paxton. This *de facto* press release was a political attack that recklessly waived attorney client privilege, alleged a variety of facts that Hancock and his office failed to include in sworn declarations to the Court, made misrepresentations about the work Counsel and Attorney General Paxton have performed in defense against foreign terrorist organizations, and reduced the attorney client relationship to political gamesmanship. A true and correct copy of the letter is attached, hereto, as Exhibit 1.

1

3.      The letter publicized discussions with Counsel regarding legal strategy, and publicly revealed information that Hancock and his office failed to include in their sworn declarations before this Court. The letter's public criticism of Counsel's presentation of evidence to the Court shatters the trust necessary to sustain the attorney-client relationship.

4.      The letter also sought to shift statutory investigative responsibilities from the Acting Comptroller's office to Counsel in a widely-circulated, public press release designed for embarrassment and shock value and in strict contravention of the confidentiality and candor necessary for meaningful attorney-client communications.

5.      The letter, finally, misrepresented the efforts of Counsel to litigate and defend faithfully the laws of the State of Texas in what can only be understood as naked political histrionics. These actions by the clients render impossible an ongoing, trusting relationship between clients and Counsel.

6.      For these reasons, Counsel are forced to move to withdraw representation of Acting Comptroller Hancock, his office, and his employee, Mary Katherine Stout.

## ARGUMENT

7.      The Local Rules for the United States District Court for the Southern District of Texas require attorney withdrawal to be "effected by motion and order, under conditions imposed by the Court." LR83.2.

8.      "With leave of court, an attorney may withdraw from representation of a client upon a showing of good cause and reasonable notice to the client." *Simmons Bank v. Monocoque Diversified Interests, LLC*, No. 4:24-CV-492, 2025 WL 4080578 at *1 (S.D. Tex. Nov. 10, 2025). "The withdrawing attorney has the burden of proving good cause and that the withdrawal will not adversely affect efficient litigation of the suit." *Id.*

9.      "The Southern District of Texas has adopted the Texas Disciplinary Rules of Professional Conduct as a guideline for governing the duties and responsibilities of attorneys appearing before the Court." *CGI Logistics, LLC v. Fast Logistik USA, LLC*, No. 5:23-cv-43, 2024 WL 3550524 at *2 (S.D. Tex. June 28, 2024). Texas Disciplinary Rule of Professional Conduct

1.16 provides the conditions under which counsel may withdraw their representation. Tex. Disciplinary Rules of Prof'l Conduct R. 1.16.

10.     Rule 1.16(b)(1) provides that a lawyer may be permitted to withdraw if "withdrawal can be accomplished without material adverse effect on the interests of the client[.]" *Id.* R. 1.16(b)(1). This is true here. Withdrawal at this stage would not result in material adverse effects on the interests of the clients. The Acting Comptroller, his office, and Ms. Stout will have approximately one month to retain new counsel and get up to speed before the upcoming April 24, 2026 preliminary injunction hearing. ECF 18. Given that the clients are sophisticated parties with the ability to hire sophisticated counsel, this should be no difficult task for them to accomplish.

11.     Additionally, although the Court has authorized some discovery in this matter, counsel for Defendants have yet to receive any documents from the Acting Comptroller, his office, or Ms. Stout to review in advance of responding to Plaintiffs' document requests. When clients retain new counsel, those attorneys will be no more behind in preparing discovery responses than the undersigned Counsel.

12.     Furthermore, in light of the Acting Comptroller's letter to Attorney General Paxton and the damage that letter has done to the ability of client and counsel to engage with candor and trust, continued representation by the undersigned counsel will not aid efficient preparation of a 30(b)(6) deposition witness on behalf of the Acting Comptroller's office.

13.     For all of these reasons, Counsel's withdrawal will not prejudice efficient litigation of this matter.

14.     Rule 1.16(b)(6) permits withdrawal if "representation . . . has been rendered unreasonably difficult by the client," and Rule 1.16(b)(7) provides that "other good cause" is grounds for withdrawal. Here, both are present. With a reckless disregard for Counsel and for this litigation, Acting Comptroller Hancock put out a press release—masquerading as a letter to the Attorney General—criticizing Counsel's litigation strategy and attacking the integrity of the Attorney General and, through him, the Acting Comptroller's counsel. In that letter, the Acting Comptroller also disclosed material facts *to the public* that Counsel had been unaware of until just

a few hours prior to the letter. The Acting Comptroller irreparably damaged the attorney-client relationship to shame Counsel and a former political rival. Communicating through press release rather than under the umbrella of attorney-client privilege renders further representation by Counsel untenable. This constitutes irreparable and material conflict between the Attorney General and the Acting Comptroller such that the Attorney General can no longer effectively represent the Acting Comptroller, his office, or his employees in this matter. In short, the clients have made it impossible for Counsel to litigate this matter on their behalf by turning to public pronouncements in place of good-faith litigation.

15.    The Attorney General has sent a privileged letter to the Acting Comptroller detailing numerous other privileged factual bases upon which the Attorney General believes the Acting Comptroller has made representation all but impossible. To the extent the Court finds it necessary, the Attorney General is willing to present additional evidence in-camera and under seal for the Court's consideration. Additionally, the Attorney General has sent a non-privileged letter that responds publicly—though in more limited and unprivileged terms—to Acting Comptroller Hancock's public attacks.

16.    As discussed above, withdrawal of counsel will not adversely affect the material interests of the Acting Comptroller, his office, or his employees. Notice was sent to the Comptroller about the Attorney General's intent to withdraw on this same date, March 26, 2026 via the referenced letters, and via telephone call.

### PRAYER FOR RELIEF

For the foregoing reasons, the Attorney general, by and through the undersigned counsel, respectfully requests that the Court permit him and his staff to withdraw as counsel for Defendants Kelly Hancock, the Office of the Comptroller of Public Accounts, and Mary Katherine Stout in this matter.

Dated: March 26, 2026

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

RYAN D. WALTERS
Deputy Attorney General for Legal Strategy

RYAN G. KERCHER
Chief, Special Litigation Division

OFFICE OF THE ATTORNEY GENERAL OF
TEXAS
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2100

Respectfully submitted,

/s/ Zachary L. Rhines
ZACHARY L. RHINES
Special Counsel
S.D. Tex. No. 3688738
Texas State Bar No. 24116957
zachary.rhines@oag.texas.gov

ALI M. THORBURN
Special Counsel
Texas State Bar No. 24125064
S.D. Tex. No. 3874024
Direct: (512) 936-2275
ali.thorburn@oag.texas.gov

GREY W. JOHNSTON
Special Counsel
Texas State Bar No. 24149107
S.D. Tex. No. 3942849
grey.johnston@oag.texas.gov

COUNSEL FOR STATE DEFENDANTS

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(a), I hereby certify that on March 26, 2026, a true and correct copy of the above and foregoing document was filed and served electronically via CM/ECF.

/s/ Zachary L. Rhines
ZACHARY L. RHINES

## CERTIFICATE OF CONFERENCE

On March 26, 2026, I have or have attempted to confer with counsel for Plaintiffs via telephone call(s) and email. Mr. Cherkaoui is unopposed to the relief sought in this motion. Mr. Eric Hudson has indicated that the plaintiffs in the lead case are opposed. I was unable to reach Mr. Sutrawalla. In order to expedite consideration of this motion, we assume Mr. Sutrawalla are opposed. I further certify that on March 26, 2026, I have conferred with representatives of the Acting Texas Comptroller of Public Accounts, the Office of the Texas Comptroller of Public Accounts, and Mary Katherine Stout via telephone call to Murl Miller, who he will attempt to obtain an answer from his executive leadership. Counsel explained the need to move expeditiously due to pending discovery requests and would note the clients' opposition unless and until otherwise informed.

/s/ Zachary L. Rhines
ZACHARY L. RHINES