IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

BAYAAN ACADEMY, INC., *ET AL.*,

  *Plaintiffs*,

V.

KELLY HANCOCK, *ET AL.*,

  *Defendants*.

§
§
§
§
§
§
§
§
§
§
§

CIVIL ACTION NOS. 4:26-CV-01960
4:26-CV-01675

## PLAINTIFFS' EMERGENCY MOTION TO EXTEND AND AMEND TEMPORARY RESTRAINING ORDER

The Court's temporary restraining order issued on March 17, 2026 ("TRO," Dkt. 17) expires on March 31. Although the landscape has evolved, Defendants' conduct continues to inflict ongoing, irreparable harm on Islamic schools and the families who seek to use TEFA funds for Islamic education. The injury is not confined to whether particular schools have now been approved. Rather, Defendants' intentional delay has distorted the TEFA application process by excluding Islamic schools during the operative application period, deterring parents from applying, and skewing the composition of the applicant pool that will be used to allocate program benefits. Defendants' post-TRO conduct confirms an ongoing intent to continue to discriminate against Plaintiffs, simply on the basis of their Islamic faith. Plaintiffs request that the Court (i) extend the TRO for 14 days, until April 14, 2026, and (ii) enjoin the commencement of the lottery process until the scheduled preliminary injunction ("PI") hearing. Otherwise, Defendants' continuing conduct will irreversibly skew the allocation process before the Court can adjudicate Plaintiffs' request for a PI.

TROs may be extended for good cause. Fed. R. Civ. P. 65(b)(2). Courts have found good cause where "(1) the court needs additional time to fully consider the arguments and motions of

the parties; (2) the moving party needed additional time to prepare and present its preliminary injunction, despite diligent efforts; and where the moving party was continuing to attempt serve the defendants and obtain more information about the case." *WWEX Franchise Holdings, LLC v. Squadroni*, No. 3:23-CV-0809-S, 2023 WL 4937405, at *2 (N.D. Tex. Apr. 28, 2023).[1]

### 1. <u>The Comptroller Actively Seeks to Prevent Funds from Flowing to Islamic Schools.</u>

A week after this Court's TRO, Defendant and Acting Comptroller Kelly Hancock ("Comptroller") asked Attorney General Kenneth Paxton ("AG") to "take immediate steps to strip the corporate charter for Houston Quran Academy ["HQA"], ***and any other school*** with documented ties to terrorism," noting that this Court "has ***temporarily*** allowed" HQA and other schools to participate in TEFA.[2]  In that letter, the Comptroller declares that "Texas cannot be asleep at the wheel as radical Islam spreads"; alleges HQA ties to the Muslim Brotherhood; and demands the AG "highlight the full details about the terror ties of [HQA]—and any such ties for other plaintiff schools as you may uncover through diligent investigation—to the federal court."[3] The Comptroller's "hope" is that "the court will not take the drastic step of ordering Texas to fund schools with ties to terrorism."[4]

Part of a "widely-circulated, public press release," this letter is publicly available for schools and parents to read.  Dkt. 20 (Mtn. to Withdraw as Attorney) ¶ 4.  As explained below, while several Islamic schools were approved for participation in TEFA after the TRO issued, the Comptroller's highly-publicized message is that those approvals remain subject to reversal, heightened scrutiny, or stigmatization based on religious identity.  This predictably chills parents from applying for ESA funds for use at Islamic schools, signals that those schools remain under

---

[1] Quoting *S.E.C. v. AriseBank*, No. 3:18-CV-186-M, 2018 L 10419828, at *1 (N. D. Tex. Mar. 9, 2018).
[2] Ex. 1, Hancock Mar. 24 2026 Letter, at 1-2 (emphasis added).
[3] *Id.* at 1-2.
[4] *Id*. at 2.

threat of removal, and further deters families from participating in the Program at all before the current March 31 deadline.[5]  Given the highly publicized target the Comptroller has now placed on Islamic schools, it is highly likely Plaintiffs will succeed in showing Defendants have violated their constitutional rights.

The Court should not only extend its TRO for an additional two weeks, but also enjoin the lottery process by which the Comptroller will decide which parents receive funding. The Comptroller intends to send funding notifications to parents in "early April 2026,"[6] but the preliminary injunction hearing is not until April 24. If the lottery proceeds before then, the applicant pool will be fixed in a distorted form—shaped by the exclusion, delayed approval, and public stigmatization of Islamic schools during the application window. Defendants' conduct has already deterred families from applying and has prevented parents from making informed choices regarding Islamic schools. Temporary judicial relief is thus needed to preserve a fair and neutral status quo pending the PI hearing.

2. **Defendants' Late and Partial Approvals Do Not Cure the Ongoing Injury.**

After the Court's TRO, the following Islamic schools received TEFA approvals:

| Date | School | Party Status |
|---|---|---|
| 3/17 | Excellence Academy | Original Plaintiff |
| | Bayaan Academy | Original Plaintiff |
| 3/18 | HQA (Katy) | Original Parent Plaintiff's school |
| | Brighter Horizons Academy | Original Plaintiff |
| | Little Horizons Academy | Original Plaintiff |
| 3/23 | Ameen Academy | Putative Class Members |
| | Iman Academy Southeast | |
| | Iman Academy Southwest | |
| 3/24 | American Leadership Academy | |
| | Qalam Collegiate Academy | |
| | Salam Academy | |
| | Renaissance Academy | |

---

[5] *See, e.g.*, Ex. 4, A. Farooq Dec., at ¶ 32-38; Ex. 5 TEFA Letter; Ex. 8, H Ghazali Dec.
[6] https://web.archive.org/web/20260130224154/https://educationfreedom.texas.gov/ (last accessed Mar. 26, 2026).

| 3/25 | Good Tree Academy | |
| | Everest Academy | |
| | IANT Quranic Academy | |
| | Islamic School of Irving | |
| | Ilm Preparatory LLC | |

Schools are still being approved *within the last few days*.[7]  But the pattern is unreliable and arbitrary. For instance, Bayaan Academy was approved but then removed without notice or explanation; Excellence Academy was not permitted to apply until the TRO (but was then quickly approved). Defendants' administration remains opaque, inconsistent, and uniquely burdensome to Islamic schools. Plus Putative Class Members remain, including Islamic schools whose applications are still pending.[8] And while Defendants' counsel has represented that "assuming the paperwork is in order, [Defendants] plan to process all remaining schools by March 31," given the lack of transparency and Defendants' refusal to produce discovery, it is impossible to know whether Defendants' "plan" has been effectuated.

In any event, even for schools that have now received approval notices, there remains a lag between State approval and public visibility on "SchoolFinder" on the TEFA website. That time lag matters. Parents depend on the school list on the public portal to make application decisions, so late approvals do not actually restore equal access in real time. Given the opacity around the program, it is likely Islamic schools are still awaiting *invitations to apply* to the Program so parents need time not only to *learn* of approvals, but to see those approvals reflected in the systems through which TEFA applications are actually made.

Finally, Plaintiffs will not receive *any* discovery by the expiration of the current TRO, despite their diligence, further supporting an extension.[9]  The day after the TRO, Plaintiffs issued

---

[7] *E.g.*, Ex. 2 (03/24/26 Email invitation to apply to QCA); Ex. 3 (3/26/26 Odyssey screenshot showing approval).

[8] *E.g.*, Ex. 6 (3/27/26 Odyssey screenshot, showing HQA Spring application still pending).

[9] *Well Cell Global LLC v. Calvit*, No. H-22-3062, 2022 WL 4389705, at *2 (S.D. Tex. Sep. 22, 2022) (extending TRO where discovery delays prevented plaintiff from preparing for preliminary injunction before TRO expired).

document requests and noticed a deposition for March 27 so they could conduct before the TRO expired. However, Defendants refused to commit to producing *any* documents before April 6 or providing a deposition before April 9 (at the *earliest*).[10]  This discovery is important given Defendants' administration of TEFA through opaque and shifting processes and bears directly on whether the applicant pool is being illegally skewed.

In sum, good cause exists to extend the TRO and enjoin the lottery process because the circumstances supporting the TRO's issuance continue to exist in updated form. Defendants' administration of TEFA remains a black box. Late, partial, and unstable approvals do not cure the constitutional injury because the application process itself has already been distorted. Plaintiffs have no reliable assurances that the present approvals are stable or that Islamic schools will remain free from renewed exclusion. The Comptroller's recent letter to the AG confirms as much. The Court should therefore preserve the status quo until the preliminary injunction hearing by preventing the State from locking in that distortion through the lottery process.

### 3. <u>Defendants Face No Unfair Prejudice.</u>

On March 17, Defendants represented that while the lottery would be held in early April,[11] but no funds would "start flowing to schools" until July.[12] Defendants will therefore suffer no prejudice from a short extension of the application period or a temporary pause in the lottery process pending the April 24 hearing.[13] By contrast, absent relief, Plaintiffs and the proposed subclasses will suffer irreversible constitutional and procedural harm. That the TRO was not *ex parte* makes this Motion "even stronger, because the [Defendants] already had an opportunity to

---

[10] The pending attorney withdrawal motion (Dkt. 20) calls into question even these dates.

[11] Ex. 7, Mar. 17 2026 Hrg. Trans. at 47:20-23,

[12] *Id.* at at 49:22-24.

[13] *See Elepreneurs Holdings, LLC v. Benson*, No. 4:21-CV-00026, 2021 WL 134098, at *2 (E.D. Tex. Jan. 14, 2021) (extending TRO where "Defendants do not appear to have been harmed by the grant of the present [TRO].").

oppose the initial temporary restraining order—and … lost." *Does 1-9 v. Kappa Alpha Theta Fraternity Inc.*, No. 3:22-CV-1782, 2022 WL 3448638, at *2 n. 9 (N.D. Tex. Aug. 17, 2022).

Dated: March 27, 2026         Respectfully submitted,

**ARAMBULA TERRAZAS PLLC\***

By: /s/ *Eric A. Hudson*
Eric A. Hudson
**Attorney-in-Charge**
State Bar No. 24059977; Fed. Id. No. 1000759
ehudson@atlawpllc.com
Cole P. Wilson
State Bar No. 24122856; Fed. Id. No. 3864133
cwilson@atlawpllc.com
1001 S. Capital of Texas Highway, Bldg. L, Suite 250
Austin, Texas 78746
512.904.0200

**ATTORNEYS FOR PLAINTIFFS
ISLAMIC SERVICES FOUNDATION, BAYAAN
ACADEMY INC., AND MUNA HAMADAH**

***\*Additional counsel listed on following page***

**WRIGHT, CLOSE, BARGER & GUZMAN LLP**

**By:** */s/ Maha Ghyas (w/ permission)*
Maha Ghyas
State Bar No. 24138115; Fed. ID 3863190
mghyas@wcbglaw.com
Bradley W. Snead
State Bar No. 24049825; Fed ID1127744
bsnead@wcbglaw.com
Michael Adams-Hurta
State Bar No. 24097860; Fed. ID 3290975
adams-hurta@wcbglaw.com
One Riverway Dr., Suite 2200
Houston, TX 77056

**ATTORNEYS FOR PLAINTIFFS ISLAMIC SERVICES FOUNDATION, BAYAAN ACADEMY INC. AND MUNA HAMADAH**

**GIBBS & BRUNS, LLP**

By: */s/ Ayesha Najam (with permission)*
Ayesha Najam
**Attorney-in-Charge for Below Plaintiffs**
State Bar No. 24046507; Fed. ID 605948
anajam@gibbsbruns.com
Michael Davis
State Bar No. 24109793; Fed. ID 3588027
mdavis@gibbsbruns.com
Gibbs & Bruns LLP
1100 Louisiana, Suite 5300
Houston, Texas 77002
Tel.: (713) 650-8805
Fax: (713) 750-0903

**ATTORNEYS FOR PLAINTIFFS THE EAGLE INSTITUTE, FARHANA QUERISHI, AND LAYLA DAOUDI**

**EDWARDS SUTARWALLA SAMANI LLP**

By:  */s/ Murtaza F. Sutarwalla  (w/ permission)*
Murtaza F. Sutarwalla
State Bar No. 24056398; Fed. ID 2589991
Mansoor Broachwala
Illinois State Bar No. 6326633; Fed. ID 3943228
602 Sawyer St., Suite 490
Houston, Texas 77007
Phone: (713) 565-1353
Email: murtaza@esslawpartners.com
Email: mansoor@esslawpartners.com

**ATTORNEYS FOR PLAINTIFFS BAYAAN ACADEMY INC., THE EAGLE INSTITUTE, FARHANA QUERISHI, LAYLA DAOUDI, AND ZUBAIR ULHAQ**

**LAW OFFICES OF OMAR KHAWAJA PLLC**

By: */s/ Omar Khawaja (with permission)*
Omar Khawaja
State Bar No: 24072181; Fed. ID 3521501
omar@attorneyomar.com
Abdul Rahman Farukhi
State Bar No. 24065220; Fed. ID 3291830
abdul@attorneyomar.com
5177 Richmond Ave., Suite 1065
Houston, Texas 77056
Telephone: (281) 888-2339
Fax: (281) 888-2421

**ATTORNEYS FOR PLAINTIFFS BAYAAN ACADEMY INC., THE EAGLE INSTITUTE, FARHANA QUERISHI, AND LAYLA DAOUDI**

7

## CERTIFICATE OF SERVICE

I certify that on March 30, 2026, a true and correct copy of the foregoing instrument was served on all counsel of record via the Court's electronic filing system. All Defendants have been served with this motion.

By: /s/ *Eric A. Hudson*
Eric A. Hudson

## CERTIFICATE OF CONFERENCE

I certify that counsel for Plaintiffs conferred with counsel for Defendant Texas Comptroller regarding the relief requested in this motion.

On March 27, 2026, Plaintiffs' counsel spoke with counsel for the Comptroller regarding whether the Comptroller would oppose extending the temporary restraining order to permit newly admitted schools, their parents, and similarly situated applicants to submit applications to the TEFA program before the lottery is conducted. During that conference, counsel for the Comptroller represented that the Comptroller opposes any extension of the temporary restraining order, intends to conduct the lottery in early April (though no specific date has been confirmed), and does not believe that an extension of the existing temporary restraining order is necessary to afford meaningful relief.

Plaintiffs' counsel followed up by email, and advised that Plaintiffs are willing to continue to meet and confer should the Comptroller reconsider its position and agree to a reasonable extension that would provide recently added schools and their associated parents adequate time to apply, particularly in light of the Court's prior two-week extension for parents known as of March 17, 2026 who had not yet applied.

The parties were unable to reach agreement.

By: /s/ *Eric A. Hudson*
Eric A. Hudson

8