United States District Court
Southern District of Texas
**ENTERED**
March 31, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BAYAAN ACADEMY, INC., *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-01960 |
| | § | |
| KELLY HANCOCK, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is Plaintiffs' Emergency Motion to Extend and Amend the Temporary Restraining Order (the "Motion"). Doc. #22. Having considered Plaintiffs' arguments and the applicable legal authorities, the Court denies the Motion.

On March 17, 2026, the Court entered a Temporary Restraining Order ("TRO") extending the application deadline for the Texas Education Freedom Accounts ("TEFA") program to 11:59 p.m. on March 31, 2026. Doc. #17. Plaintiffs now seek to extend the TRO for an additional fourteen days and to enjoin the commencement of the TEFA lottery process pending the Preliminary Injunction Hearing scheduled for April 24, 2026. Doc. #22 at 1. Under Rule 65(b) of the Federal Rules of Civil Procedure, a court may extend a temporary restraining order once for a total of fourteen days, but such an extension requires a showing of "good cause." FED. R. CIV. P. 65(b)(2). "The purpose of [a temporary restraining order] is merely to preserve the relative positions of *the parties* until a trial on the merits can be held." *Overstreet v. Bank of Am. N.A.*, No. 3:12-CV-3941-P, 2012 WL 12919631, at *1 (N.D. Tex. Dec. 27, 2012) (emphasis added).

The Court's March 17, 2026, TRO was based on a specific and limited showing that certain Plaintiff Islamic schools had been excluded from, or remained pending in, the TEFA registration process. The public record now reflects that Plaintiff schools, as well as other K-12 Islamic schools, have been registered and approved to participate in TEFA. Doc. #22 at 3–4. To the extent Plaintiffs rely on the status of other Islamic schools that allegedly remain unapproved, including those referred to as "putative class members," that argument is unavailing. Those entities are not parties to this action, and no class has been certified. And despite the public attention this case has received, no additional schools have sought to intervene in this action. Accordingly, the Court will not extend emergency relief based on injuries to entities that are not parties before the Court.

That said, the Court underscores that today's ruling is narrow. The denial of an extension does not resolve the merits of Plaintiffs' claims. Defendants, and the TEFA program, remain subject to constitutional scrutiny under the First and Fourteenth Amendments. The Court expects the parties to be prepared to address, on a developed factual record, whether Defendants' actions in implementing and administering the TEFA program comport with those constitutional requirements at the upcoming Preliminary Injunction Hearing.

It is so ORDERED.

**MAR 3 1 2026**

Date

The Honorable Alfred H. Bennett
United States District Judge

2