IN THE UNITED STATES DISTRICT COURT
THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BAYAAN ACADEMY, INC., *ET AL.*, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | CIVIL ACTION NO. 4:26-CV-01960 |
| v. | § | |
| | § | |
| KELLY HANCOCK, *ET AL.*, | § | |
| | § | |
| *Defendants*. | § | |

## PLAINTIFFS' RESPONSE TO MOTION TO WITHDRAW AS COUNSEL

The Texas Attorney General's Office ("OAG") has sought to make an emergency out of a basic procedural motion asking for leave to withdraw as counsel for The Office of the Texas Comptroller of Public Accounts ("Comptroller's Office").  OAG's motion is based on a public disagreement between Texas Attorney General Paxton and Texas Comptroller Hancock about the quality of OAG's representation, which, so OAG says, has created an "irreparable and material conflict" between the two officials.  *Mot.* at 4.  Plaintiffs do not contest that the widely publicized feud between these "former political rival[s]" may pose obstacles for OAG to represent its client, but disagreements and public critique alone are not good cause.  In any event, the movant's good cause is only one consideration among several in evaluating a request to withdraw.  Because withdrawal will necessarily prejudice Plaintiffs' ability to prosecute this lawsuit at this critical stage, this Court should deny the Motion.

***First***, OAG's proposed withdraw of counsel poses immediate and far-reaching prejudice to Plaintiffs because it has the effect of further delaying or outright denying discovery ordered by the Court during the March 17, 2026 hearing on Plaintiffs' application for a Temporary Restraining Order.  The day after the hearing, Plaintiffs issued requests for production and a deposition notice

1

under Federal Rule of Civil Procedure 30(b)(6), asking for production by March 25 and noticing a deposition for March 27.[1]  Those dates have long passed, but Defendants have produced no discovery.  Instead, OAG has raised an evolving set of issues to delay production while also declining to offer concrete agreements for when discovery will occur.  Most importantly here, OAG's motion outlines no plan for how court-ordered discovery will take place if it were able to withdraw.

Without any plan, and without competent substitute counsel even *proposed*, withdrawal would prejudice Plaintiffs' ability to prepare for the upcoming preliminary injunction hearing. Every day Defendants fail to produce discovery that has already been ordered prejudices Plaintiffs. That prejudice alone is enough to deny withdrawal or at least delay it until after Defendants are able to identify and engage competent substitute counsel.  "Even where good cause for withdrawal exists, it is 'incumbent on the court to assure that the prosecution of the lawsuit before it is not disrupted by the withdrawal of counsel.'" *Steadfast 829 Holdings, Inc. v. 2017 Yale Dev., LLC*, No. H-22-0905, 2025 WL 696535, at \*2 (S.D. Tex. Mar. 4, 2025) (Ellison, J.) (quoting *Broughten v. Voss*, 634 F.2d 880, 882 (5th Cir. 1981)).  "Thus, a court must consider the facts and circumstances of the case," including additional factors such as "the extent to which the attorney's withdrawal will delay or disrupt the case; . . . prejudice to the other parties; and whether withdrawal will harm the administration of justice." *Id*. (citations and internal quotation marks omitted).

---

[1] *See* Ex. 1 (Plaintiffs' Requests for Production); Ex. 2 (Notice of Deposition).  Plaintiffs had previously noticed the deposition for March 27, 2026, moving it at OAG's request for more time to prepare a witness.  On March 23, defense counsel again asked to reschedule the deposition of the Comptroller's Office, this time for April 9 or 10, which, according to OAG, would still ensure that Plaintiffs had "ample time to review ahead of the 4/24 hearing." OAG also asked to move the due date for the Comptroller's Office to respond to Plaintiffs' requests for production to April 6, 2026.

Withdrawal here will necessarily disrupt these proceedings and delay the administration of justice.  The facts and procedural posture of this case are well known to this Court.  The Program has commenced and the Comptroller is conducting a lottery as this motion is being heard.  A preliminary injunction hearing that contests the Comptroller's ability to administer the Program in a non-discriminatory manner is imminent.  This Court has clearly communicated that it "expects the parties to be prepared to address, on a developed factual record, whether Defendants' actions in implementing and administering the TEFA program comport with [] constitutional requirements at the upcoming Preliminary Injunction Hearing." ECF 25 at 2.  Plaintiffs have diligently sought discovery, to—as yet—no avail.  Plaintiffs cannot adequately prepare any "developed factual record," *id.*, without the key discovery that this Court has ordered. And there is no reason to expect that key discovery will be promptly forthcoming if the Comptroller is left unrepresented.

***Second***, OAG says that the Comptroller's Office will not suffer any material adverse effect from its withdrawal as counsel, but it is difficult to imagine how that could be so.  OAG outlines no plan for who would respond to Plaintiffs' requests for production, which require a response by April 3 based on Plaintiffs' agreement to extend the production deadline to that date.  Nor does OAG explain who would prepare and defend the agency representative for the Comptroller's Office at the upcoming April 8 deposition. The last word from the Comptroller's Office was on March 25, when the OAG informed Plaintiffs' counsel, "we are currently evaluating a few issues internally. As such, we are unable to agree to any concrete dates at this time."  Further delay to the deposition and document production is not a viable option, given the fast-approaching injunction hearing. OAG does not consider these issues in its motion.

**CONCLUSION AND PRAYER**

Plaintiffs respectfully ask that the Court deny OAG's motion to withdraw as counsel without prejudice to reconsideration after the Court rules on Plaintiffs' request for a preliminary injunction, and for such other relief, including third-party discovery, to which they may be entitled.

Dated: April 1, 2026                          Respectfully submitted,

**ARAMBULA TERRAZAS PLLC\***


By: /s/ *Eric A. Hudson*
Eric A. Hudson
**Attorney-in-Charge**
State Bar No. 24059977; Fed. Id. No. 1000759
ehudson@atlawpllc.com
Cole P. Wilson
State Bar No. 24122856; Fed. Id. No. 3864133
cwilson@atlawpllc.com
1001 S. Capital of Texas Highway, Bldg. L, Suite 250
Austin, Texas 78746
512.904.0200

**ATTORNEYS FOR PLAINTIFFS**
**ISLAMIC SERVICES FOUNDATION, BAYAAN**
**ACADEMY INC., AND MUNA HAMADAH**

***Additional counsel listed on following page***

**WRIGHT, CLOSE, BARGER & GUZMAN LLP**

**By:** */s/ Maha Ghyas (w/ permission)*
Maha Ghyas
State Bar No. 24138115; Fed. ID 3863190
mghyas@wcbglaw.com
Bradley W. Snead
State Bar No. 24049825; Fed ID1127744
bsnead@wcbglaw.com
Michael Adams-Hurta
State Bar No. 24097860; Fed. ID 3290975
adams-hurta@wcbglaw.com
One Riverway Dr., Suite 2200
Houston, TX 77056

**ATTORNEYS FOR PLAINTIFFS ISLAMIC SERVICES FOUNDATION, BAYAAN ACADEMY INC., AND MUNA HAMADAH**

**GIBBS & BRUNS, LLP**

By: */s/ Ayesha Najam (with permission)*
Ayesha Najam
**Attorney-in-Charge for Below Plaintiffs**
State Bar No. 24046507; Fed. ID 605948
anajam@gibbsbruns.com
Michael Davis
State Bar No. 24109793; Fed. ID 3588027
mdavis@gibbsbruns.com
Gibbs & Bruns LLP
1100 Louisiana, Suite 5300
Houston, Texas 77002
Tel.: (713) 650-8805
Fax: (713) 750-0903

**ATTORNEYS FOR PLAINTIFFS THE EAGLE INSTITUTE, FARHANA QUERISHI, AND LAYLA DAOUDI**

**EDWARDS SUTARWALLA SAMANI LLP**

By:  */s/ Murtaza F. Sutarwalla  (w/ permission)*
Murtaza F. Sutarwalla
State Bar No. 24056398; Fed. ID 2589991
Mansoor Broachwala
Illinois State Bar No. 6326633; Fed. ID 3943228
602 Sawyer St., Suite 490
Houston, Texas 77007
Phone: (713) 565-1353
Email: murtaza@esslawpartners.com
Email: mansoor@esslawpartners.com

**ATTORNEYS FOR PLAINTIFFS BAYAAN ACADEMY INC., THE EAGLE INSTITUTE, FARHANA QUERISHI, LAYLA DAOUDI, AND ZUBAIR ULHAQ**

**LAW OFFICES OF OMAR KHAWAJA PLLC**

Omar Khawaja
State Bar No: 24072181; Fed. ID 3521501
omar@attorneyomar.com
Abdul Rahman Farukhi
State Bar No. 24065220; Fed. ID 3291830
abdul@attorneyomar.com
5177 Richmond Ave., Suite 1065
Houston, Texas 77056
Telephone: (281) 888-2339
Fax: (281) 888-2421

**ATTORNEYS FOR PLAINTIFFS BAYAAN ACADEMY INC., THE EAGLE INSTITUTE, FARHANA QUERISHI, AND LAYLA DAOUDI**

## CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2026, a true and correct copy of the foregoing was served on all counsel of record via the Court's CM/ECF system in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Texas.

/s/ *Eric A. Hudson*
Eric A. Hudson