IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| BAYAAN ACADEMY, INC., *et al.*,<br>  *Plaintiffs*, | §<br>§<br>§ | |
| | § | Civil Action Nos. 4:26-CV-01960 |
| v. | § | 4:26-CV-01675 |
| | § | |
| KELLY HANCOCK, *et al.*,<br>  *Defendants*. | §<br>§<br>§ | |

**PLAINTIFFS' EMERGENCY**
**MOTION TO COMPEL DISCOVERY**

TO THE HONORABLE JUDGE OF SAID COURT:

This Court granted Plaintiffs leave to serve five requests for production and take a corporate representative deposition of the Comptroller's Office so that Plaintiffs could develop the factual record necessary for the preliminary injunction hearing set for April 24, 2026. **Ex. 1** (H'rg Tr.) at 70:7–71:14. The Court repeated this expectation at the recent hearing on the opposed motion to withdraw as counsel filed by the Texas Attorney General. Indeed, Plaintiffs' opposition to the OAG's withdrawal is only because it had "the effect of further delaying or outright denying discovery ordered by the Court during the March 17, 2026 hearing. . . ." *See* ECF No. 26 at 1–2. Despite that clear authorization, Defendants have not complied with their discovery obligations..

Defendants have neither served responses nor produced a single document in the weeks since service, and they refuse to provide any date certain for compliance—placing them squarely in violation of their obligations under Rules 34 and 37. Now, mere days away from the noticed deposition of Defendants' corporate representative, Plaintiffs have no discovery responses demonstrating how Defendants have administered this Program, or how they are conducting the lottery. Absent relief, Plaintiffs will be forced to proceed with their only corporate representative deposition without any document production, depriving them of the ability to examine witnesses

on the very facts the Court must evaluate in determining likelihood of success and irreparable harm.. In further support, Plaintiffs respectfully show the Court as follows:

## I.    RELEVANT BACKGROUND

On March 17, 2026, the Court held a hearing on Plaintiffs' application for temporary restraining order. *See generally* **Ex. 1** (H'rg Tr.). During the hearing, Plaintiffs' counsel requested an opportunity to obtain discovery from Defendants prior to the preliminary injunction hearing. *Id.* at 67:5–18. Plaintiffs sought a production within seven days (meaning by March 24) and a corporate representative deposition from the Comptroller's office. *Id.* In response, Defendants' counsel indicated that Defendants were "not opposed to some pre-suit discovery" and even stated that "it could help everybody out as long as it is limited in scope and . . . amount." *Id.* at 68:9–13. The Court authorized Plaintiffs to serve five requests for production and to take the corporate representative deposition of the Comptroller's Office prior to the hearing on Plaintiffs' motion for preliminary injunction. *Id.* at 70:7–71:14. The Court set the preliminary injunction hearing for April 24, 2026. *Id.* at 71:18–72:12.

The following day, Plaintiffs served Defendants with five requests for production and a notice of 30(b)(6) oral deposition of the Office of the Texas Comptroller of Public Accounts. **Ex. 2** (Plfs' 1st RFPs); **Ex. 3** (Depo Notice). Out of professional courtesy, Plaintiffs left the deposition date open to facilitate agreement on scheduling.. **Ex. 3** (Depo. Notice) at 1. In the email serving the deposition notice, Plaintiffs' counsel suggested March 27 for the deposition date. **Ex. 4** (email thread) at 14–15.

During subsequent discussions, Defendants' counsel suggested an April 6, 2026 due date for Defendants' responses to the written discovery and either April 9 or 10 for the deposition date. **Ex. 4** (email thread) at 11. In response, Plaintiffs' counsel suggested a response deadline for the five requests for production for April 3, 2026, and agreed that April 9 or 10 would be acceptable

for the date of the corporate representative deposition. *Id.* at 7–8. Plaintiffs' counsel also suggested a "meet and confer" to discuss any disagreement about the scope of the discovery requests and deposition topics. *Id.* In reply, Defendants' counsel agreed that Plaintiffs' "proposed discovery deadlines and a meet and confer to narrow the issues . . . sounds reasonable, although again [he] [would] need to discuss with [his] client." *Id.* at 6–7.

After conferring with his clients, Defendants' counsel reversed course, stating that Defendants were "unable to agree to *any* concrete dates at this time." *Id.* at 6 (emphasis added). Not only was this a rejection of Plaintiffs' admittedly "reasonable'" proposal, but it was also a withdrawal of due date that *Defendants' counsel* had previously proposed just two days earlier. *Compare id.* at 6–7, *with id.* at 11. On March 26, 2026, Plaintiffs issued an amended notice of deposition for the corporate representative of the Comptroller's Office, setting the deposition for April 8, 2026. **Ex. 5** (Am. Depo. Notice).

After the April 2, 2026 hearing on the Texas Attorney General's opposed motion to withdraw as counsel, the parties' counsel discussed the status of the written discovery. *See* **Ex. 4** (email thread) at 1. Defendants' counsel confirmed that they would not be producing discovery responses by April 3 and were not in a position to provide a firm production date. *Id.* Reiterating the prejudice this would impose on Plaintiffs given the timing of the corporate representative deposition and, indeed, the preliminary injunction hearing itself, Plaintiffs requested a "date certain for production of the discovery ordered by the Court two weeks ago no later than noon [on April 3, 2026]." *Id.* at 1. That deadline has come and gone. Not only have Defendants failed to respond to the written discovery and produced no documents, and have refused to provide even an estimated timeline for compliance. This, even though the corporate representative deposition is only days away and the preliminary injunction hearing coming up later this month.

## II.    ARGUMENTS & AUTHORITIES

"Limited discovery before an injunction hearing . . . is appropriate."  **Ex. 1** (H'rg Tr.) at 70:3–4 (Bennett, J.).  Where a party fails to respond to properly served discovery, Rule 37(a) authorizes the Court to compel production and to impose appropriate relief to ensure compliance. Here, the Court has already authorized the precise, limited discovery at issue—five requests for production and a single Rule 30(b)(6) deposition—eliminating any conceivable dispute as to scope or proportionality.  *Id.* at 70:7–71:14.  Courts recognize that "[w]hen time is of the essence, a party must act like it."  *See Empower Texans, Inc. v. Geren*, 977 F.3d 367, 367 (5th Cir. 2020).  Here, time *is* of the essence and Plaintiffs have acted like it by (1) promptly submitting the discovery authorized by the Court, (2) preemptively offering to meet and confer to resolve or reduce disagreements, and (3) proffering reasonable but expedited deadlines for their requests.  **Ex. 4** (email thread) at 4–15.  Plaintiffs will be materially prejudiced if they are unable to obtain this Court-ordered discovery in advance of the preliminary injunction hearing, including their ability to (1) test Defendants' factual assertions, (2) prepare for and conduct a meaningful Rule 30(b)(6) examination, and (3) present a complete record on likelihood of success and irreparable harm. This places Plaintiffs in an untenable position and threatens to distort the evidentiary record before the Court.[1]

---

[1] Plaintiffs do not seek sanctions at this time.  But Defendants should not be permitted to withhold discovery necessary to litigate this motion and then rely on those same arguments or information at the preliminary injunction hearing.  Rule 37 authorizes the Court to preclude a party from using information where that party has failed to comply with its discovery obligations or a discovery order, and that authority applies to motions and hearings alike.  FED. R. CIV. P. 37(b)(2)(A)(ii). Courts routinely enforce that authority through evidentiary preclusion in pretrial proceedings.  *See Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004); *CQ, Inc. v. TXU Mining Co.*, 565 F.3d 268, 279–80 (5th Cir. 2009); *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 297–98 (2d Cir. 2006).  Plaintiffs reserve the right to seek appropriate relief, including evidentiary

### III.    PRAYER

For all these reasons, Plaintiffs respectfully request that the Court order Defendants to serve full and complete responses to Plaintiffs' First Requests for Production, including production of all responsive materials, on or before April 7, 2026; require Defendants to verify under oath that their production is complete and to identify the custodians and search methods used; order Defendants to produce a corporate representative for deposition on or before April 10, 2026 on the topics identified in Exhibit A to Plaintiffs' notice (Exhibit 5); and grant such further relief as the Court deems just and proper.

Dated: April 5, 2026                     Respectfully submitted,

**ARAMBULA TERRAZAS PLLC**

1001 S. Capital of Texas Highway, Bldg. L, Suite 250
Austin, Texas 78746
512.904.0200

By:  /s/ *Eric A. Hudson*
Eric A. Hudson
State Bar No. 24059977
Fed. Id. No. 1000759
ehudson@atlawpllc.com
Cole P. Wilson
State Bar No. 24122856
Fed. Id. No. 3864133
cwilson@atlawpllc.com

Attorney-in Charge

**WRIGHT, CLOSE, BARGER & GUZMAN LLP**

By: /s/ Maha Ghyas
Maha Ghyas
State Bar No. 24138115
Fed. Id. No. 3863190
mghyas@wcbglaw.com
Bradley W. Snead

---

preclusion, adverse inferences, and other sanctions, if Defendants continue to disregard their obligations or any order compelling compliance.

State Bar No. 24049825
Fed. Id. No. 1127744
bsnead@wcbglaw.com
Michael Adams-Hurta
adams-hurta@wcbglaw.com
State Bar No. 24097860
Fed. Id. No. 3290975
One Riverway Dr., Suite 2200
Houston, TX 77056

**ATTORNEYS FOR PLAINTIFFS ISLAMIC SERVICES FOUNDATION, BAYAAN ACADEMY INC. AND MUNA HAMADAH**

* * * * *

**EDWARDS SUTARWALLA SAMANI LLP**

By:    Murtaza F. Sutarawalla

Murtaza F. Sutarwalla
State Bar No. 24056398
Fed. Id. No. 2589991
Mansoor Broachwala
Illinois State Bar No. 6326633
Fed. Id. No. 3943228
602 Sawyer St., Suite 490
Houston, Texas 77007
Phone: (713) 565-1353
Email: murtaza@esslawpartners.com
Email: mansoor@esslawpartners.com

**LAW OFFICES OF OMAR KHAWAJA PLLC**

By: /s/ Omar Khawaja
Omar Khawaja
State Bar No: 24072181
Fed. Id. No. 3521501
Abdul Rahman Farukhi
State Bar No. 24065220
Fed. Id. No. 3291830
5177 Richmond Ave.
Suite 1065
Houston, Texas 77056
Telephone: (281) 888-2339
Fax: (281) 888-2421

Email: omar@attorneyomar.com
Email: abdul@attorneyomar.com

**ATTORNEYS FOR PLAINTIFFS BAYAAN ACADEMY INC., THE EAGLE INSTITUTE, FARHANA QUERISHI, AND LAYLA DAOUDI**

\* \* \* \* \*

/s/ Ayesha Najam
Ayesha Najam
Attorney-In-Charge
State Bar No. 24046507
Federal ID: 605948
anajam@gibbsbruns.com
Gibbs & Bruns LLP
1100 Louisiana, Suite 5300
Houston, Texas 77002
Tel.: (713) 650-8805
Fax: (713) 750-0903

OF COUNSEL:

Michael Davis
Federal ID: 3588027
mdavis@gibbsbruns.com
Gibbs & Bruns LLP
1100 Louisiana, Suite 5300
Houston, Texas 77002

**ATTORNEYS FOR PLAINTIFFS THE EAGLE INSTITUTE, FARHANA QUERISHI, AND LAYLA DAOUDI**

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Plaintiffs conferred in good faith with counsel for Defendants regarding the relief requested in this motion.  Defendants initially proposed deadlines for written discovery and a corporate representative deposition and agreed Plaintiffs' proposals were reasonable, but then withdrew those positions and refused to provide any date certain for compliance.  Following the April 2, 2026 hearing, Defendants confirmed they would not produce discovery by April 3 and refused to commit to any timeline, and they did not respond to Plaintiffs' email request for a firm production date.  The parties were therefore unable to reach agreement.

/s/*Eric A. Hudson*
Eric A. Hudson

## CERTIFICATE OF SERVICE

I hereby certify that, on April 5, 2026, a true and correct copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/*Eric A. Hudson*
Eric A. Hudson