IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BAYAAN ACADEMY, INC.; ISLAMIC SERVICES FOUNDATION; THE EAGLE INSTITUTE; LAYLA DAOUDI; MUNA HAMADAH; FARHANA QUERISHI, *Plaintiffs*, v. KELLY HANCOCK, in his official capacity as Acting Comptroller of Public Accounts; THE OFFICE OF THE TEXAS COMPTROLLER OF PUBLIC ACCOUNTS; MARY KATHERINE STOUT, in her official capacity as Program Director over the Education Savings Accounts Program, *Defendants*. | § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NOS. 4:26-CV-01960 4:26-CV-01675 |

**PLAINTIFFS' SUPPLEMENTAL BRIEF**
**IN SUPPORT OF EMERGENCY MOTION TO COMPEL DISCOVERY**

On April 8, 2026, Defendants served written responses and produced a total of 54 documents bearing Bates numbers CPA-000001–CPA-000486. Ex. 1 at 3. The production consists primarily of spreadsheet-style lists and summary data reflecting school statuses, along with a limited set of communications and a partial privilege log. The materials reflect static snapshots and curated communications—not the underlying records showing how TEFA is administered in practice. Not one of those documents is an internal communication or communication with Odyssey regarding the decision-making process on who gets links or whether to approve a school. Defendants admittedly refuse to produce a comprehensive privilege log, opting instead for a made-up process of identifying only "exemplars" pulled from the body of withheld materials.

1

Defendants' production does not moot Plaintiffs' motion to compel. Defendants seek to proceed to a Rule 30(b)(6) deposition and preliminary injunction hearing on an admittedly incomplete record. The issue is not whether Defendants produced some documents, but whether they conducted a reasonable search and produced the materials necessary to create a usable record for the preliminary injunction proceedings. They have not.

Defendants acknowledge that their production is limited to documents "located to date," that additional materials "have not [all] been gathered," and that their privilege log is only "representative," while reserving whether further collection will occur. Ex. 1 at 2–3. That admission confirms Defendants have not completed the reasonable inquiry required by Rule 26(g), have not produced all responsive non-privileged materials, and have not provided a privilege log that permits evaluation under Rule 26(b)(5). *See* FED. R. CIV. P. 26(g)(1), 26(b)(5)(A).

A partial production does not moot a motion to compel; it demonstrates the need for an order requiring completion of the search and production. *See* FED. R. CIV. P. 37(b); *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). In short, Defendants have produced selected outputs of the TEFA process, not the inputs, processes, or contemporaneous records necessary to evaluate how applications were handled—an omission that is material because Plaintiffs' claims turn on how TEFA is administered, not merely its outcomes.

That deficiency is outcome-determinative in this posture. Plaintiffs have one corporate representative deposition before the preliminary injunction hearing. Ex. 1 at 3. Rule 30(b)(6) requires Defendants to prepare a witness to testify about information "known or reasonably available to the organization." FED. R. CIV. P. 30(b)(6). Defendants cannot satisfy that obligation while reserving whether additional materials will be collected after Plaintiffs review the production. Ex. 1 at 3. Nor can Plaintiffs meaningfully examine the designee without the materials

2

that govern TEFA administration and reflect how the program operated during the relevant period. *See Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433–34 (5th Cir. 2006). Without those materials, Plaintiffs must proceed with a deposition that cannot test Defendants' factual assertions and a record that cannot fairly support the Court's determination on preliminary relief.

The requested relief is narrowly tailored to Plaintiffs' claims and the issues before the Court. Plaintiffs allege that Defendants' administration of TEFA violates the Free Exercise Clause, the Establishment Clause, and the Equal Protection Clause, and constitutes unlawful state action under 42 U.S.C. § 1983 by departing from the statute's mandatory approval framework and imposing unequal treatment on Islamic schools. *See* Dkt. 21. Those claims are brought on behalf of proposed classes challenging Defendants' uniform administration of the program. The materials sought—process documents, application-level records, comparator data, communications, and system-level timing information—bear directly on whether Defendants are applying neutral, generally applicable criteria or instead exercising discretion in a manner that burdens religious exercise and produces disparate treatment across the program. ECF 28-2; *see Trinity Lutheran Church of Columbia, Inc. v. Comer*, 582 U.S. 449, 462 (2017); *Carson v. Makin*, 596 U.S. 767, 780–82 (2022).

Those materials are also necessary to evaluate whether Defendants' conduct reflects denominational preference or hostility toward a particular religious group, and whether that conduct is ongoing and susceptible to class-wide injunctive relief. *See Larson v. Valente*, 456 U.S. 228, 244–46 (1982). Because Plaintiffs seek uniform prospective relief, the inquiry extends beyond isolated decisions to Defendants' policies and their application across similarly situated schools. Without these materials, the Court cannot assess whether Defendants are applying neutral criteria or engaging in program-wide disparate treatment. This is not generalized merits discovery;

it is the minimum set of operational records required to test Defendants' assertions, conduct a meaningful Rule 30(b)(6) examination, and provide a complete record for the preliminary injunction hearing.

Defendants' position leaves Plaintiffs to proceed on an incomplete record while Defendants reserve the ability to supplement that record after deposition and before the hearing. Rule 37 exists to prevent precisely that result. Defendants' own responses confirm that responsive materials exist but have not been collected or produced. Ex. 1 at 2–3. That admission warrants an order compelling completion of Defendants' search and production on an expedited basis. *See* FED. R. CIV. P. 26(g); *Quarles*, 894 F.2d at 1485; *Hernandez v. Results Staffing, Inc.*, 907 F.3d 354, 363–64 (5th Cir. 2018). It also warrants a usable privilege log. Defendants' "representative" logging approach and omission of basic information—such as author, date, and recipients—fails to satisfy Rule 26(b)(5). *See EEOC v. BDO USA, L.L.P.*, 876 F.3d 690, 697–98 (5th Cir. 2017).

Defendants' privilege assertions are likewise untenable. Defendants raised no objection to Request for Production No. 2 and only a relevance objection to Request for Production No. 3, yet invoke sweeping privilege claims to resist Requests Nos. 4 and 5. Their reliance on the law-enforcement privilege fails as a matter of law. The Fifth Circuit limits that privilege to "investigative files in an ongoing criminal investigation," which Defendants do not identify. *In re U.S. Dep't of Homeland Sec.*, 459 F.3d 565, 569 (5th Cir. 2006). Defendants conceded at the March 17 hearing that they are unaware of any facts suggesting that any Islamic school engaged in terrorism or related conduct. ECF 22-7 at 43:1–9. Nor does the Comptroller possess general criminal investigative authority to support the privilege; his authority is limited to tax-related offenses, and the governing statute requires referral rather than investigation. TEX. TAX CODE § 111.00452(a)(2); TEX. EDUC. CODE § 29.366. Even where the privilege applies, it does not extend

4

to civil matters or individuals not subject to an ongoing criminal investigation. *In re U.S. Dep't of Homeland Sec.*, 459 F.3d at 571. Defendants' blanket invocation—untethered to any identified investigation—cannot shield core evidence concerning TEFA's administration.

The privilege log confirms the problem. Rule 26(b)(5) requires a document-specific showing, yet Defendants concede their log is only "representative" and omits withheld materials altogether. Ex. 1 at 2. That failure results in waiver. *See Blackard v. Hercules, Inc.*, No. 75934, 2014 U.S. Dist. LEXIS 75934, at *14 (E.D. Tex. June 4, 2014). The deficiencies are substantive: entries labeled "Investigative Report" identify no author, recipient, or facts sufficient to assess the claim. Ex. 1 at 10–11. At the same time, the log reveals the existence of responsive materials— school-specific investigations and communications—that have not been produced, directly contradicting Defendants' position. Defendants cannot both deny the existence of responsive materials and log them as withheld. If Defendants persist in asserting privilege, they must make a particularized showing, and the Court should require immediate in camera review. *See Reed-Veal v. Encinia*, Civil Action No. H-15-2232, 2016 U.S. Dist. LEXIS 171046, at *4–5 (S.D. Tex. Mar. 17, 2016).

Finally, targeted relief is necessary to prevent prejudice at the deposition and preliminary injunction hearing. Rule 37's preclusion framework ensures that a party cannot withhold discovery needed for a hearing and then rely on it. FED. R. CIV. P. 37(b)(2)(A)(ii); CQ, Inc. v. TXU Mining Co., 565 F.3d 268, 279–80 (5th Cir. 2009). Without an order requiring timely production and tying Defendants' positions to what has been produced, Plaintiffs will be forced to examine an unprepared witness and confront undisclosed materials at the hearing.

**PRAYER**

For these reasons, Plaintiffs respectfully request that the Court enter the accompanying amended proposed order compelling production by April 11, 2026; requiring a sworn verification of Defendants' search; requiring a compliant privilege log; and precluding Defendants from relying on materials not produced in accordance with the Court's order, with leave for Plaintiffs to reopen the deposition if necessary.

Date: April 10, 2026                    Respectfully submitted,

**ARAMBULA TERRAZAS PLLC**

1001 S. Capital of Texas Highway, Bldg. L, Suite 250
Austin, Texas 78746
512.904.0200

By:  /s/ *Cole P. Wilson*
Eric A. Hudson
State Bar No. 24059977
Fed. Id. No. 1000759
ehudson@atlawpllc.com
Cole P. Wilson
State Bar No. 24122856
Fed. Id. No. 3864133
cwilson@atlawpllc.com

Attorney-in Charge

**WRIGHT, CLOSE, BARGER & GUZMAN LLP**

**By:** */s/ Maha Ghyas*
Maha Ghyas
State Bar No. 24138115
Fed. Id. No. 3863190
mghyas@wcbglaw.com
Bradley W. Snead
State Bar No. 24049825
Fed. Id. No. 1127744
bsnead@wcbglaw.com
Michael Adams-Hurta
adams-hurta@wcbglaw.com
State Bar No. 24097860

Fed. Id. No. 3290975
One Riverway Dr., Suite 2200
Houston, TX 77056

**ATTORNEYS FOR PLAINTIFFS ISLAMIC SERVICES FOUNDATION, BAYAAN ACADEMY INC. AND MUNA HAMADAH**

**EDWARDS SUTARWALLA SAMANI LLP**

By: /s/ M. Sutarwalla
Murtaza F. Sutarwalla
State Bar No. 24056398
Fed. Id. No. 2589991
Mansoor Broachwala
Illinois State Bar No. 6326633
Fed. Id. No. 3943228
602 Sawyer St., Suite 490
Houston, Texas 77007
Phone: (713) 565-1353
Email: murtaza@esslawpartners.com
Email: mansoor@esslawpartners.com

**LAW OFFICES OF OMAR KHAWAJA PLLC**

By: */s/ Omar Khawaja (with permission)*
Omar Khawaja
State Bar No: 24072181
Fed. Id. No. 3521501
Abdul Rahman Farukhi
State Bar No. 24065220
Fed. Id. No. 3291830
5177 Richmond Ave.
Suite 1065
Houston, Texas 77056
Telephone: (281) 888-2339
Fax: (281) 888-2421
Email: omar@attorneyomar.com
Email: abdul@attorneyomar.com

7

**ATTORNEYS FOR PLAINTIFFS BAYAAN ACADEMY INC., THE EAGLE INSTITUTE, FARHANA QUERISHI, AND LAYLA DAOUDI**

*/s/ Ayesha Najam (with permission)*
Ayesha Najam
Attorney-In-Charge
State Bar No. 24046507
Federal ID: 605948
anajam@gibbsbruns.com
Gibbs & Bruns LLP
1100 Louisiana, Suite 5300
Houston, Texas 77002
Tel.: (713) 650-8805
Fax: (713) 750-0903

OF COUNSEL:

Michael Davis
Federal ID: 3588027
mdavis@gibbsbruns.com
Gibbs & Bruns LLP
1100 Louisiana, Suite 5300
Houston, Texas 77002

**ATTORNEYS FOR PLAINTIFFS THE EAGLE INSTITUTE, FARHANA QUERISHI, AND LAYLA DAOUDI**

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Plaintiffs conferred in good faith with counsel for Defendants regarding the additional issues raised herein, including through email and during a phone call on April 9, 2026.  Namely, Plaintiffs promptly emailed Defendants' counsel at 11:41 p.m. on April 8 to confer about the discovery deficiencies raised herein to try to avoid the need for going forward on a hearing with the Court.  The parties further met and conferred on April 9, 2026 for nearly an hour, but were unable to reach any agreement that would resolve the foregoing disputes.

/s/ *Cole P. Wilson*
Cole P. Wilson

## CERTIFICATE OF SERVICE

I hereby certify that, on April 10, 2026, a true and correct copy of the foregoing was filed electronically  with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *Cole P. Wilson*
Cole P. Wilson

9