UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **BAYAAN ACADEMY, INC.**, et al., | | |
| *Plaintiffs*, | | CIVIL ACTION NO. 4:26-CV-1960 |
| | | *Lead* |
| v. | | |
| **KELLY HANCOCK**, et al., | | NO. 4:26-cv-1675 |
| *Defendants*. | | *Consolidated* |

## DEFENDANTS KELLY HANCOCK, OFFICE OF THE TEXAS COMPTROLLER OF PUBLIC ACCOUNTS, AND MARY KATHERINE STOUT'S ORIGINAL ANSWER

Defendants, Kelly Hancock, the Office of the Texas Comptroller of Public Accounts, and Mary Katherine Stout ("CPA Defendants") answer Plaintiff's complaint, respectfully stating:

### INTRODUCTION

In response to Plaintiffs' introductory comments, Defendants deny they discriminated against Islamic schools, deny Plaintiffs suffered injury, and deny that there is an immediate or concrete harm to the Plaintiffs. Defendants incorporate their responses to specific allegations in the complaint. Otherwise, Plaintiffs deny Plaintiffs' introductory comments.

### ANSWER TO SPECIFIC ALLEGATIONS

1.      Defendants admit the allegations of paragraph 1.

2.      Defendants admit the allegations of paragraph 2.

3.      Defendants admit the allegations of paragraph 3.

4.      Defendants admit the allegations of paragraph 4.

5.      Defendants admit the allegations of paragraph 5.

6.      Defendants admit the allegations of paragraph 6.

7.     Defendants admit the first two sentences of paragraph 7. Defendants lack sufficient information to admit or to deny the second two sentences of paragraph 7, which are therefore denied. Defendants admit the last sentence of paragraph 7.

8.     Defendants admit the allegations of paragraph 8.

9.     Defendants admit the allegations of paragraph 9.

10.    Defendants admit the allegations of paragraph 10.

11.    Defendants admit the allegations of paragraph 11.

12.    Defendants admit the factual allegations of paragraph 12. Defendants deny the allegations that prospective relief, or any relief, is required.

13.    Defendants admit the factual allegations of paragraph 13. Defendants deny the allegations that prospective relief is required to remedy ongoing violations of federal law and the administration of the Program, nor that Plaintiffs are entitled to any such relief. Defendants also deny the doctrine of *Ex parte Young* is applicable to the Defendants in this case.

14.    Defendants admit the allegations of paragraph 14.

15.    Defendants deny the allegations of paragraph 15.

16.    Defendants deny the allegations of paragraph 16.

17.    Defendants admit venue is proper. Defendants otherwise deny the allegations of paragraph 17.

18.    Defendants admit the allegations of paragraph 18.

19.    Defendants deny class action treatment is proper.

20.    Defendants deny the subclasses as defined meet the standards for class action treatment.

21.    Defendants deny the allegations of paragraph 21.

22.    Defendants deny the allegations of paragraph 22.

23.    Defendants deny the allegations of paragraph 23.

24.    Defendants deny the allegations of paragraph 24.

25.    Defendants deny the allegations of paragraph 25.

26.    Defendants deny the allegations of paragraph 26.

27.    Defendants deny the allegations of paragraph 27.

28.    Defendants deny the allegations of paragraph 28.

29.    Defendants deny the allegations of paragraph 29.

30.    Defendants deny the allegations of paragraph 30.

31.    Defendants deny the allegations of paragraph 31.

32.    Defendants deny the allegations of paragraph 32.

33.    Defendants deny the allegations of paragraph 33.

34.    Defendants deny the allegations of paragraph 34.

35.    Defendants deny the allegations of paragraph 35.

36.    Defendants deny the allegations of paragraph 36.

37.    Defendants deny the allegations of paragraph 37.

38.    Defendants deny the allegations of paragraph 38.

39.    Defendants deny the allegations of paragraph 39.

40.    Defendants deny the allegations of paragraph 40.

41.    Defendants deny the allegations of paragraph 41.

42.    Defendants admit notice is not required at this time.  Defendants otherwise deny the allegations of paragraph 42.

43.    Defendants deny the allegations of paragraph 43.

44. Defendants admit the allegations of paragraph 44.

45. Defendants admit the allegations of paragraph 45.

46. Defendants deny that it is appropriate to admit a school that is violating other relevant law. Defendants admit the statute says what it says. Otherwise, Defendants deny the allegations of paragraph 46.

47. Defendants deny it is appropriate to preapprove a school that is violating other relevant law. Defendants admit the statute and regulation say what they say. Otherwise, Defendants deny the allegations of paragraph 47.

48. Defendants admit the allegations of paragraph 48.

49. Defendants admit the allegations of paragraph 49.

50. Defendants admit the first two sentences of paragraph 50. Otherwise, Defendants deny the allegations of paragraph 50.

51. Except to the extent the deadline was adjusted, Defendants deny the allegations of paragraph 51.

52. Defendants deny the allegations of paragraph 52.

53. Defendants lack sufficient information to admit or deny the allegations of paragraph 53, which are therefore denied.

54. Defendants lack sufficient information to admit or deny the allegations of paragraph 54, which are therefore denied.

55. Defendants lack sufficient information to admit or deny the allegations of paragraph 55, which are therefore denied.

56. Defendants admit the allegations of paragraph 56.

57. Defendants admit the allegations of paragraph 57.

58.     Defendants admit the first two sentences of paragraph 58.  Defendants admit that on January 29, 2026, Bayaan Academy was placed under review.  Defendants lack sufficient information to admit or to deny the contents of any article ran in the Houston Chronical on February 4, 2026.  Defendants otherwise deny the allegations of paragraph 58.

59.     Defendants lack sufficient information to admit or deny the allegations of paragraph 59, which are therefore denied.

60.     Defendants admit Bayaan was not reinstated until March 18, 2026.  Defendants admit Bayaan did not receive a notice or request for additional information.  Defendants otherwise deny the allegations of paragraph 60.

61.     Defendants lack sufficient information to admit or deny the allegations of paragraph 61, which are therefore denied.

62.     Defendants admit the allegations of paragraph 62.

63.     Defendants lack sufficient information to admit or deny the allegations of paragraph 63, which are therefore denied.

64.     Defendants admit the allegations of paragraph 64.

65.     Defendants lack sufficient information to admit or deny the allegations of paragraph 65, which are therefore denied.

66.     Defendants lack sufficient information to admit or deny the allegations of paragraph 66, which are therefore denied.

67.     Defendants lack sufficient information to admit or deny the allegations of paragraph 67, which are therefore denied.

68.    Defendants admit ISF was not admitted until March 18, 2026.  Defendants admit ISF did not receive a notice or request for additional information.  Defendants otherwise deny the allegations of paragraph 68.

69.    Defendants lack sufficient information to admit or deny the allegations of paragraph 69, which are therefore denied.

70.    Defendants lack sufficient information to admit or deny the allegations of paragraph 70, which are therefore denied.

71.    Defendants lack sufficient information to admit or deny the allegations of paragraph 71, which are therefore denied.

72.    Defendants admit the first sentence of paragraph 72.  Defendants lack sufficient information to admit or deny the last sentence of paragraph 72, which is therefore denied.

73.    Defendants admit the allegations of paragraph 73.

74.    Defendants lack sufficient information to admit or deny the allegations of paragraph 74, which are therefore denied.

75.    Defendants admit Excellence Academy was not sent a link to apply until March 18, 2026.  Defendants lack sufficient information to otherwise admit or deny the allegations of paragraph 75, which are therefore denied.

76.    Defendants admit Excellence Academy was not admitted until March 18, 2026. Defendants admit Excellence Academy did not receive a notice or request for additional information.  Defendants otherwise deny the allegations of paragraph 76.

77.    Defendants lack sufficient information to admit or deny the allegations of paragraph 77, which are therefore denied.

78. Defendants lack sufficient information to admit or deny the allegations of paragraph 78, which are therefore denied.

79. Defendants lack sufficient information to admit or deny the allegations of paragraph 79, which are therefore denied.

80. Defendants lack sufficient information to admit or deny the allegations of paragraph 80, which are therefore denied.

81. Defendants deny the allegations of paragraph 81.

82. Defendants admit the first two sentences of paragraph 82. Defendants otherwise deny the allegations of paragraph 82.

83. Defendants admit siblings are included. Defendants otherwise deny the allegations of paragraph 83.

84. Defendants deny the allegations of paragraph 84.

85. Defendants deny the allegations of paragraph 85.

86. Defendants lack sufficient information to admit or deny the allegations of paragraph 86, which are therefore denied.

87. Defendants are unaware of any families who declined to apply for the reasons alleged, which allegation is therefore denied. Defendants otherwise lack sufficient information to admit or deny the allegations of paragraph 87, which are therefore denied.

88. Defendants admit the referenced letter was sent and refer to the letter for its statements and content. Defendants otherwise deny the allegations of paragraph 88.

89. Defendants deny parent applications require a school selection. Defendants lack sufficient information to admit or to deny the remaining allegations of paragraph 89, which are therefore denied.

90.    Defendants deny the subject schools were excluded from the program.  Defendants admit the Plaintiff schools were not notified of any deficiency or request for additional information.  Defendants lack sufficient information to admit or to deny the allegation regarding divestment lists, which is therefore denied.  Defendants otherwise deny the allegations of paragraph 90.

91.    Defendants deny the allegations of paragraph 91.

92.    Defendants deny the allegations of paragraph 92.

93.    Defendants deny the allegations of paragraph 93.

94.    Defendants deny the allegations of paragraph 94.

95.    Defendants deny the allegations of paragraph 95.

96.    Defendants deny the allegations of paragraph 96.

97.    Defendants deny the allegations of paragraph 97.

98.    Defendants deny the allegations of paragraph 98.

99.    Defendants admit Plaintiffs have quoted portions of public statements but otherwise deny the allegations of paragraph 99.

100.    Defendants admit the sending of a letter to General Paxton on March 24, 2026, that says what it says.  Defendants otherwise deny the allegation of paragraph 100.

101.    Defendants deny the allegations of paragraph 101.

102.    Defendants deny the allegations of paragraph 102.

103.    Defendants admit the lottery pool is fixed after the deadline.  Defendants otherwise deny the allegations of paragraph 103.

104.    Defendants deny the allegations of paragraph 104.

105.    Defendants admit certain schools were delayed while being reviewed.  Defendants otherwise deny the allegations of paragraph 105.

106.    Defendants deny the allegations of paragraph 106.

107.    Defendants deny the allegations of paragraph 107.

108.    Defendants deny the allegations of paragraph 108.

109.    Defendants deny the allegations of paragraph 109.

110.    Defendants admit TEFA will introduce new funding into the Texas private school market.  Defendants lack sufficient information to admit or to deny the remaining allegations of paragraph 110, which are therefore denied.

111.    Defendants lack sufficient information to admit or to deny the allegations of paragraph 111, which are therefore denied.

112.    Defendants lack sufficient information to admit or to deny the allegations of paragraph 112, which are therefore denied.

113.    Defendants deny the allegations of paragraph 113.

114.    Defendants deny the allegations of paragraph 114.

115.    Defendants incorporate their responses to the preceding paragraphs.

116.    Defendants admit the allegations of paragraph 116.

117.    Defendants deny the allegations of paragraph 117.

118.    Defendants deny the allegations of paragraph 118.

119.    Defendants deny the allegations of paragraph 119.

120.    Defendants deny the allegations of paragraph 120.

121.    Defendants deny the allegations of paragraph 121.

122.    Defendants deny the Plaintiffs are entitled to the relief sought in paragraph 122.

123.   Defendants incorporate their responses to the preceding paragraphs.

124.   Defendants admit the allegations of paragraph 124.

125.   Defendants deny the allegations of paragraph 125.

126.   Defendants deny the allegations of paragraph 126.

127.   Defendants deny the allegations of paragraph 127.

128.   Defendants deny the allegations of paragraph 128.

129.   Defendants deny the allegations of paragraph 129.

130.   Defendants deny the Plaintiffs are entitled to the relief sought in paragraph 130.

131.   Defendants incorporate their responses to the preceding paragraphs.

132.   Defendants admit the allegations of paragraph 132.

133.   Defendants deny the allegations of paragraph 133.

134.   Defendants deny the allegations of paragraph 134.

135.   Defendants deny the allegations of paragraph 135.

136.   Defendants deny the allegations of paragraph 136.

137.   Defendants deny the allegations of paragraph 137.

138.   Defendants deny the Plaintiffs are entitled to the relief sought in paragraph 138.

139.   Defendants incorporate their responses to the preceding paragraphs.

140.   Defendants admit the allegations of paragraph 140.

141.   Defendants deny the allegations of paragraph 141.

142.   Defendants deny the allegations of paragraph 142.

143.   Defendants deny the allegations of paragraph 143.

144.   Defendants deny the allegations of paragraph 144.

145.   Defendants deny the Plaintiffs are entitled to the relief sought in paragraph 145.

146.  Defendants incorporate their responses to the preceding paragraphs.

147.  Defendants admit the allegations of paragraph 140.

148.  Defendants lack sufficient information to admit or deny the allegations of paragraph 148.

149.  Defendants deny the allegations of paragraph 149.

150.  Defendants deny the allegations of paragraph 150.

151.  Defendants deny the allegations of paragraph 151.

152.  Defendants deny the Plaintiffs are entitled to the relief sought in paragraph 152.

153.  Defendants incorporate their responses to the preceding paragraphs.

154.  Defendants admit the allegations of paragraph 154.

155.  Defendants deny the allegations of paragraph 155.

156.  Defendants deny the allegations of paragraph 156.

157.  Defendants deny the allegations of paragraph 157.

158.  Defendants deny the allegations of paragraph 158.

159.  Defendants deny the Plaintiffs are entitled to the relief sought in paragraph 159.

160.  Defendants incorporate their responses to the preceding paragraphs.

161.  Defendants admit the allegations of paragraph 161.

162.  Defendants deny the allegations of paragraph 162.

163.  Defendants deny the allegations of paragraph 163.

164.  Defendants deny the allegations of paragraph 164.

165.  Defendants deny the allegations of paragraph 165.

166.  Defendants deny the Plaintiffs are entitled to the relief sought in paragraph 166.

167.  Defendants incorporate their responses to the preceding paragraphs.

168.   Defendants admit the allegations of paragraph 168.

169.   Defendants admit the statute says what it says.  Defendants otherwise deny the allegations of paragraph 169.

170.   Defendants deny the allegations of paragraph 170.

171.   Defendants admit the School Plaintiffs submitted applications.  Defendants lack sufficient information to admit or to deny the remaining allegations of paragraph 171, which are therefore denied.

172.   Defendants deny the allegations of paragraph 172.

173.   Defendants deny the allegations of paragraph 173.

174.   Defendants deny the allegations of paragraph 174.

175.   Defendants deny the allegations of paragraph 175.

176.   Defendants deny the Plaintiffs are entitled to the relief sought in paragraph 176.

177.   Defendants deny the Plaintiffs are entitled to the relief sought in paragraph 177.

178.   Defendants incorporate their responses to the preceding paragraphs.

179.   Defendants admit the allegations of paragraph 179.

180.   Defendants admit the allegations of paragraph 180.

181.   Defendants admit the statute says what it says.  Defendants otherwise deny the allegations of paragraph 181.

182.   Defendants lack sufficient information to admit or to deny the allegations of paragraph 182, which are therefore denied.

183.   Defendants deny the allegations of paragraph 183.

184.   Defendants admit the allegations of paragraph 184.

185.   Defendants deny the allegations of paragraph 185.

186. Defendants deny the allegations of paragraph 186.

187. Defendants deny the allegations of paragraph 187.

188. Defendants deny anyone is being classified on the basis of religion. Defendants otherwise deny the allegations of paragraph 188.

189. Defendants deny this allegations of paragraph 189.

190. Defendants deny the allegations of paragraph 190.

191. Defendants deny the allegations of paragraph 191.

192. Defendants deny the Plaintiffs are entitled to the relief sought in paragraph 192.

193. Defendants admit the first sentence of paragraph 193. Defendants otherwise deny the allegations of paragraph 193.

194. Defendants deny the allegations of paragraph 194.

195. Defendants deny the allegations of paragraph 195.

196. Defendants generally admit the first sentence of paragraph 196. Defendants otherwise deny the allegations of paragraph 196.

197. Defendants deny the Plaintiffs are entitled to the relief sought in paragraph 197.

198. Defendants deny the Plaintiffs are entitled to the relief sought in paragraph 198.

199. Defendants deny the allegations of paragraph 195.

200. Paragraph 200 is a legal brief to which no response is required.

201. Defendants deny the allegations of paragraph 201.

202. Defendants deny the allegations of paragraph 202.

203. Defendants deny the allegations of paragraph 203.

204. Defendants deny the allegations of paragraph 204.

205. Defendants deny the allegations of paragraph 205.

206.    Paragraph 206 is a legal brief to which no response is required.

207.    Defendants deny the allegations of paragraph 207.

208.    Defendants deny the allegations of paragraph 208.

209.    Defendants lack sufficient information to admit or deny the first sentence of paragraph 209.  Defendants otherwise deny the allegations of paragraph 209.

210.    Defendants also demand a jury.

211.    Defendants deny that Plaintiffs are entitled to the relief sought in paragraph 211.

## AFFIRMATIVE DEFENSES

212.    Without assuming any burden of proof or persuasion that would otherwise rest with Plaintiffs, and reserving the right to assert additional affirmative defenses as discovery and investigation may warrant, Defendants assert the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

### Failure to State a Claim Upon Which Relief Can Be Granted

213.    Defendants assert that Plaintiffs' First Amended Complaint, and each cause of action contained therein, fails to state a claim upon which relief can be granted, and should therefore be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). The allegations contained in the Complaint, even if accepted as true, are insufficient to establish that Defendants violated any provision of the United States Constitution or federal law.

### SECOND AFFIRMATIVE DEFENSE

### Eleventh Amendment Sovereign Immunity

214.    The claims asserted against Defendant Office of the Texas Comptroller of Public Accounts are barred by the Eleventh Amendment to the United States Constitution, which provides sovereign immunity to states and state agencies from suit in federal court. The Office of the Texas Comptroller of Public Accounts is a state agency, and the Eleventh Amendment precludes suits

against state agencies for monetary and other relief absent a valid congressional abrogation of immunity or the state' s consent to suit. No such abrogation or consent exists with respect to the claims asserted in this action.

### THIRD AFFIRMATIVE DEFENSE

### Sovereign Immunity – Inapplicability of Ex parte Young

215.　To the extent Plaintiffs seek relief that does not constitute prospective injunctive relief to remedy an ongoing violation of federal law, such claims against Defendants Hancock and Stout in their official capacities are barred by sovereign immunity. The doctrine of *Ex parte Young*, 209 U.S. 123 (1908), permits suits against state officials only for prospective relief to enjoin ongoing violations of federal law; it does not authorize retrospective relief, relief that is the functional equivalent of monetary damages against the state, or relief against state officials who lack sufficient connection to the enforcement of the challenged conduct.

### FOURTH AFFIRMATIVE DEFENSE

### Lack of Subject Matter Jurisdiction

216.　Defendants assert that this Court lacks subject matter jurisdiction over some or all of Plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(b)(1). To the extent Plaintiffs' claims seek relief barred by sovereign immunity, this Court lacks jurisdiction to adjudicate such claims. Additionally, to the extent any cause of action fails to present an actual case or controversy as required by Article III of the United States Constitution, this Court lacks jurisdiction over such claims.

### FIFTH AFFIRMATIVE DEFENSE

### Lack of Standing

217.　Plaintiffs lack standing to pursue some or all of their claims because they have failed to demonstrate an injury in fact that is concrete, particularized, and actual or imminent; that

15

is fairly traceable to Defendants' alleged conduct; and that is likely to be redressed by a favorable judicial decision. Plaintiffs' allegations of harm are speculative, conjectural, and insufficient to establish Article III standing.

**SIXTH AFFIRMATIVE DEFENSE**

**Mootness**

218. Plaintiffs' claims, or certain of them, are moot because Defendants have taken actions that provide Plaintiffs with the relief they seek, including the approval of School Plaintiffs for participation in the Texas Education Freedom Accounts Program following this Court's temporary restraining order. To the extent Defendants have already provided Plaintiffs with access to the Program on terms equivalent to other participating schools, there is no longer a live controversy for this Court to adjudicate.

**SEVENTH AFFIRMATIVE DEFENSE**

**Failure to Exhaust Administrative Remedies**

219. To the extent applicable law required Plaintiffs to exhaust administrative remedies before filing suit in federal court, Plaintiffs have failed to do so, and their claims are therefore barred. The statutory framework governing the Texas Education Freedom Accounts Program provides procedures for post-approval suspension and corrective action, and Plaintiffs have not alleged that they availed themselves of any such procedures.

**EIGHTH AFFIRMATIVE DEFENSE**

**Defendants' Conduct Was Rational and Non-Discriminatory**

220. Defendants deny that they engaged in religious discrimination or targeted Plaintiffs on the basis of religious identity. To the contrary, Defendants' administration of the Texas Education Freedom Accounts Program has been consistent with the statutory criteria set forth in Texas Education Code § 29.358 and related Texas laws and regulations, and any delay or

additional review of applications was undertaken in good faith to ensure compliance with state and federal law. Defendants' conduct was rational, non-discriminatory, and undertaken to protect legitimate governmental interests, including the integrity of public education funding and compliance with all applicable legal requirements.

## NINTH AFFIRMATIVE DEFENSE

### Absence of Constitutional Violation

221. Defendants assert that the administration of the Texas Education Freedom Accounts Program did not violate the Free Exercise Clause, Establishment Clause, Equal Protection Clause, or Due Process Clause of the United States Constitution. Defendants' actions were neutral, generally applicable, and consistent with the objective statutory criteria governing the Program. Plaintiffs cannot demonstrate that Defendants' conduct was motivated by animus toward religion or constituted impermissible denominational preference.

## TENTH AFFIRMATIVE DEFENSE

### Strict Scrutiny Not Applicable

222. Defendants assert that strict scrutiny is not the appropriate standard of review for Plaintiffs' constitutional claims because Defendants' administration of the Texas Education Freedom Accounts Program was neutral and generally applicable. Rational basis review applies to Defendants' conduct, and Defendants' actions satisfy that standard.

## ELEVENTH AFFIRMATIVE DEFENSE

### Legitimate Governmental Interests

223. Even assuming strict scrutiny applies, Defendants' administration of the Texas Education Freedom Accounts Program was narrowly tailored to serve compelling governmental interests, including ensuring the integrity of public education funding, protecting taxpayer

17

resources, compliance with all applicable state and federal laws, and preventing the diversion of public funds to entities that may pose risks to public safety or national security.

## TWELFTH AFFIRMATIVE DEFENSE

### No Property Interest

224.    Plaintiffs cannot establish a procedural due process claim because they do not possess a constitutionally protected property interest in participation in the Texas Education Freedom Accounts Program. The statutory framework does not create a legitimate claim of entitlement sufficient to support a due process claim under the Fourteenth Amendment.

## THIRTEENTH AFFIRMATIVE DEFENSE

### Adequate Procedural Protections

225.    To the extent Plaintiffs possessed any property interest, Defendants provided adequate procedural protections consistent with the requirements of the Due Process Clause. The statutory framework for the Texas Education Freedom Accounts Program has not deprived Plaintiff of any procedure to which they were entitled.

## FOURTEENTH AFFIRMATIVE DEFENSE

### No Unconstitutional Conditions

226.    Defendants deny that participation in the Texas Education Freedom Accounts Program was conditioned on the surrender of constitutional rights or the alteration of Plaintiffs' religious character or practices. The Program's eligibility criteria are facially neutral and do not impose unconstitutional conditions on religious exercise.

## FIFTEENTH AFFIRMATIVE DEFENSE

### Class Certification Not Warranted

227.    Defendants assert that this action does not satisfy the requirements for class certification under Federal Rule of Civil Procedure 23. The proposed class lacks numerosity,

18

commonality, typicality, and adequacy of representation. Individual questions of fact and law predominate over common questions, and a class action is not the superior method for adjudicating this controversy.

## SIXTEENTH AFFIRMATIVE DEFENSE

### Injunctive Relief Not Warranted

228.    Plaintiffs are not entitled to temporary, preliminary, or permanent injunctive relief because they cannot establish (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury absent relief; (3) that the threatened injury outweighs any harm the injunction may cause Defendants; or (4) that the injunction will not disserve the public interest. The balance of equities and the public interest weighs against the issuance of injunctive relief.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### Declaratory Relief Not Warranted

229.    Plaintiffs are not entitled to declaratory relief because there is no actual controversy warranting such relief, and the exercise of declaratory judgment jurisdiction would not serve the interests of judicial economy or resolve uncertainty in the parties' legal relations.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### Attorneys' Fees Not Recoverable

230.    Plaintiffs are not entitled to an award of attorneys' fees under 42 U.S.C. § 1988 or any other provision of law because Plaintiffs are not "prevailing parties" and Defendants' position is substantially justified.

## NINETEENTH AFFIRMATIVE DEFENSE

### Voluntary Cessation

231.    Plaintiffs' claims for prospective relief are moot unless Plaintiffs can demonstrate that Defendants' past conduct is both unlawful and reasonably likely to recur and evade judicial

review. Defendants deny that the challenged conduct is unlawful or likely to recur. And in any event, even if Plaintiffs could show Defendants' past conduct was unlawful and could recur—which they cannot—Plaintiffs cannot show that judicial review would be evaded.

## TWENTIETH AFFIRMATIVE DEFENSE

### Reservation of Defenses

232. Defendants reserve the right to assert additional affirmative defenses as may be revealed through discovery or otherwise become available, including but not limited to any defenses arising under state or federal law. Defendants further reserve all objections, rights, and defenses not expressly waived herein.

## PRAYER

WHEREFORE, Defendants pray that Plaintiffs take nothing.

Dated: April 24, 2026

Respectfully submitted,

/s/ Dennis Roossien
**Randall W. Miller**
State Bar No. 24092838
S.D. Tex. No. 2526902
(214) 855-7539
rwmiller@munsch.com

**Dennis L. Roossien Jr.**
State Bar No. 00784873
S.D. Tex. No. 24036
(214) 855-7535
droossien@munsch.com

**MUNSCH HARDT KOPF & HARR, P.C.**
500 N. Akard Street, Suite 4000
Dallas, TX 75201

20

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(a), I hereby certify that on April 24, 2026, a true and correct copy of the above and foregoing document was filed and served electronically via CM/ECF.

/s/ Dennis Roossien
Dennis Roossien