IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| BAYAAN ACADEMY, INC.; ISLAMIC SERVICES FOUNDATION; THE EAGLE INSTITUTE; LAYLA DAOUDI; MUNA HAMADAH; FARHANA QUERISHI, | § § § § § | |
| *Plaintiffs*, | § § § | |
| | § | CIVIL NO. 4:26-CV-1960 |
| v. | § § | |
| KELLY HANCOCK, in his official capacity as Acting Comptroller of Public Accounts; THE OFFICE OF THE TEXAS COMPTROLLER OF PUBLIC ACCOUNTS; MARY KATHERINE STOUT, in her official capacity as Program Director over the Education Savings Accounts Program, | § § § § § § § § § § | |
| *Defendants*. | § | JURY TRIAL DEMANDED |

## JOINT DISCOVERY / CASE MANAGEMENT PLAN
## UNDER RULE 26(f), FEDERAL RULES OF CIVIL PROCEDURE

Pursuant to Federal Rule of Civil Procedure 26(f), the parties submit the following Joint Discovery / Case Management Plan:

1. Conference of the Parties

The parties conferred pursuant to Rule 26(f) on May 4, 2026. Plaintiffs were represented by Eric A. Hudson and co-counsel of record. Defendants were represented by Dennis Roossien and Randall Miller.

2. Related Cases

The parties are not aware of any related cases pending in state or federal court involving the same claims or parties, other than proceedings in this Court arising from the same operative facts.

1

3. Nature of the Case

Plaintiffs' Statement

This is a civil rights action brought under 42 U.S.C. § 1983 challenging Defendants' design, implementation, and ongoing administration of the Texas Education Freedom Account Program ("TEFA"). Plaintiffs allege that Defendants have departed from the Program's neutral, mandatory statutory framework and instead administered TEFA in a manner that systematically excludes Islamic schools and the families who seek to enroll their children in those schools from participation in a generally available public benefit program. Specifically, Plaintiffs allege that Defendants refused to process or approve otherwise qualified Islamic schools, removed such schools from participation without notice or explanation, and structured the application process in a manner that prevented parents from selecting Islamic schools during the operative application window, while permitting similarly situated secular and non-Islamic religious schools to participate without impediment.

Plaintiffs further allege that this conduct reflects both discriminatory treatment and the application of extra-statutory criteria targeting a single religious group, resulting in the denial of equal access to public benefits, the imposition of unconstitutional conditions on religious exercise, and the deprivation of protected interests without due process of law. Through this action, Plaintiffs seek declaratory and prospective injunctive relief requiring Defendants to administer TEFA in a neutral, nondiscriminatory manner consistent with the First and Fourteenth Amendments to the United States Constitution.

Defendants' Statement

Defendants did not discriminate against Plaintiffs on the basis of their religion. Contrary to Plaintiffs' allegations, all qualified applicants for the TEFA program were eligible to participate in the voucher selection process if they filed an application without designating a private school on or before July 15, 2026. Schools and vendors will continually be added to the TEFA program on a rolling basis, and thus available for selection by participants.

Further, based on public allegations, Defendants investigated alleged terrorist and hostile nation state ties to certain Texas private schools, as Defendants are obligated to do under TEFA, which requires the removal of schools from the TEFA program who are in violation of relevant law. Defendants also investigated an accreditation issue concerning the Cognia organization. These efforts slowed the process for approximately 700 schools, although not materially so, given the July 2026 date for commencement of funding. During this period, Defendants evaluated whether it would be sensible to onboard a school simply to remove a school later, and chose to attempt to complete such investigations without undue delay. To expedite the process, Defendants sought the assistance of other agencies, and added resources to expedite the investigations. This action was filed as Defendants neared the conclusion of the process. No school was harmed by the delay. Defendants immediately complied with this Court's directive to onboard the Plaintiffs, even though their investigations were not complete.

2

Defendants have not made a finding that any school is in violation of other relevant law. If such a finding were made, any school disqualified from participation in the TEFA program based on a completed investigation would receive due process under the suspension and termination provisions of Tex. Gov't Code 29.3585. Plaintiffs no longer present any live controversy to this Court. No class of schools would present a live controversy, and the requirements to certify a class are not met here.

4. Basis of Federal Jurisdiction

Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343. Plaintiffs assert claims under 42 U.S.C. § 1983 and seek declaratory and injunctive relief under 28 U.S.C. §§ 2201–2202.

5. Contested Issues

The parties dispute liability in all respects, including whether Defendants' design, implementation, and administration of the TEFA program were lawful, neutral, and consistent with federal law. Plaintiffs contend that Defendants departed from a mandatory, objective statutory framework and instead applied discretionary and extra-statutory criteria in a manner that excluded Islamic schools and families on the basis of religion. Defendants are expected to contend that their actions were lawful, non-discriminatory, and consistent with their statutory authority and obligations.

The parties further dispute the proper interpretation and application of the governing statutory framework, including whether the statute imposes a ministerial duty to approve qualifying schools or permits discretionary review, delay, or denial. In addition, the parties dispute issues relating to class certification, including whether the requirements of Rule 23 are satisfied, the propriety and scope of any proposed class or subclasses, and whether classwide relief is appropriate.

The parties also dispute the nature and extent of any alleged injury, the existence and scope of any constitutional violations, and the availability and breadth of declaratory and injunctive relief, including whether prospective relief is warranted to address ongoing or future administration of the program.

6. Additional Parties

Plaintiffs do not presently anticipate adding additional parties but reserve the right to do so based on information obtained in discovery. Defendants do not currently anticipate adding additional parties.

7. Anticipated Interventions

The parties acknowledge the possibility that similarly situated schools, parents, or interested entities may seek to intervene. Plaintiffs understand that Houston Quran Academy – Katy intend to intervene.

8. Class Action Issues

Plaintiffs seek certification of this action as a class action pursuant to Rule 23(a) and Rule 23(b)(2) on behalf of two proposed subclasses: (1) Islamic schools that satisfy the statutory criteria for participation in the TEFA program but have been excluded, delayed, removed, or otherwise burdened in their ability to participate, and (2) parents and guardians who seek to use TEFA funds to enroll their children in Islamic schools but are unable to do so on equal terms due to Defendants' administration of the program. Plaintiffs contend that certification is appropriate because Defendants have acted or refused to act on grounds generally applicable to the proposed classes, giving rise to common questions of law and fact and warranting uniform declaratory and injunctive relief.

Defendants oppose class certification and are expected to challenge whether the requirements of Rule 23 are satisfied, including numerosity, commonality, typicality, and adequacy, as well as whether certification under Rule 23(b)(2) is appropriate. The parties further dispute the proper definition and scope of any class or subclasses. Issues relating to class certification will be presented to the Court by motion and resolved in accordance with the Federal Rules of Civil Procedure and the Court's scheduling order.

9. Initial Disclosures

The parties have agreed to exchange initial disclosures within 14 days of the Rule 26(f) conference (May 18, 2026).

10. Discovery Plan

A. General Scope

Discovery will proceed under Rules 26–37 and will be proportional to the needs of the case.

B. Plaintiffs' Written Discovery

Plaintiffs anticipate serving an initial round of interrogatories and requests for production within 14 days of the entry of a scheduling order, directed to the core issues in this case, including the criteria and processes governing TEFA approvals, the treatment of Plaintiffs and similarly situated schools, and the operation of the application system. Plaintiffs further anticipate that such written discovery will be targeted to obtain both documentary evidence and information sufficient to identify relevant custodians, decisionmakers, and data sources necessary for follow-on discovery.

In addition, Plaintiffs anticipate promptly pursuing third-party discovery under Rule 45, including the issuance of subpoenas for documents and testimony to non-party entities that participated in, or have knowledge of, the design, implementation, or administration of the TEFA program. This includes, without limitation, vendors, contractors, and platform administrators— such as Odyssey or similar entities—responsible for the development, operation, or maintenance of the TEFA application portal, approval workflows, and related systems. Plaintiffs expect that

4

such third-party discovery will proceed in parallel with party discovery and will include both document subpoenas and, as appropriate, depositions of non-party witnesses with knowledge of relevant systems, processes, and communications.

Plaintiffs anticipate that written discovery will proceed on a rolling basis, with supplemental requests as appropriate in light of Defendants' productions, the identification of additional custodians or data sources, and information obtained through third-party discovery. Plaintiffs further anticipate the need for iterative discovery to address issues revealed through initial productions, including follow-up requests tailored to fill gaps, test Defendants' asserted justifications, and develop a complete factual record regarding the administration of the TEFA program.

C. Defendants' Written Discovery

Defendants anticipate serving written discovery within 30 days of Plaintiffs' initial requests.  Defendants expect to seek what evidence, if any, Plaintiffs have to support the facts Defendants' have disputed in answering Plaintiffs' complaint.

D. Plaintiffs' Depositions

Plaintiffs anticipate taking depositions of Defendants' representatives, including one or more Rule 30(b)(6) witnesses and individual fact witnesses with knowledge of the design, implementation, and administration of the TEFA program, including the approval, denial, delay, and removal of education service providers. These depositions will include, among others, relevant agency personnel and decisionmakers involved in establishing approval criteria, administering the application portal, evaluating applications, communicating with other state actors, and making or influencing decisions affecting Plaintiffs and similarly situated schools. Plaintiffs also anticipate taking depositions of relevant non-party entities and third-party vendors involved in the administration or operation of TEFA, including but not limited to Odyssey or similar contractors. Plaintiffs anticipate that such depositions will proceed on a rolling basis and will be substantially completed within approximately 150–180 days after entry of the scheduling order, subject to the parties' ongoing document production and any need for follow-up depositions based on newly produced information.

E. Defendants' Depositions

Defendants anticipate taking depositions of Plaintiffs and other witnesses within a similar timeframe.

F. Expert Designations

Plaintiffs' experts: 60 days before the close of fact discovery
Defendants' experts: 30 days after Plaintiffs' designations
Rebuttal experts: 14 days thereafter

G. Plaintiffs' Expert Depositions

Plaintiffs anticipate completing expert depositions within 30 days after expert reports are served.

H. Defendants' Expert Depositions

Defendants anticipate completing expert depositions within the same timeframe.

11. Areas of Disagreement

The parties have not identified any additional areas of disagreement.

12. Discovery Conducted to Date

Discovery to date has been necessarily limited in scope and has consisted primarily of materials exchanged in connection with Plaintiffs' request for temporary restraining order and related proceedings, as well as information drawn from publicly available sources. To the extent any discovery has occurred, it has been confined to the expedited and narrowly tailored exchanges permitted by the Court in advance of the previously scheduling preliminary injunction hearing, including declarations, limited document production, and publicly sourced materials referenced by the parties.

No full merits discovery has taken place. The parties have not yet engaged in comprehensive document production, interrogatories, depositions, or third-party discovery, and Plaintiffs have not had the opportunity to test Defendants' asserted justifications, obtain complete records regarding the TEFA approval process, or develop the factual record necessary to address class certification and the merits. As a result, the discovery conducted to date reflects only a preliminary and constrained evidentiary record developed under the time and scope limitations inherent in the TRO posture, rather than the full factual record that will be developed through the discovery process contemplated by the Federal Rules of Civil Procedure.

13. Proposed Discovery Deadline

The parties propose:

Fact discovery completion: 180 days from entry of scheduling order
Expert discovery completion: 60 days thereafter

14. Settlement Discussions

The parties have discussed the possibility of settlement. Any resolution would likely involve prospective changes to Defendants' administration of TEFA.

15. Efforts Toward Resolution

The parties have identified the issues in dispute and the nature of the relief sought. Plaintiffs remain open to discussions regarding programmatic changes that would resolve the claims.

16. Alternative Dispute Resolution

The parties agree that mediation before a neutral third party may be appropriate after initial discovery has been completed and the factual record has been further developed.

17. Trial Before Magistrate Judge

The parties do not consent to trial before a magistrate judge at this time.

18. Jury Demand

Plaintiffs have demanded a jury trial, and the demand was timely made.

19. Estimated Trial Time

The parties estimate that trial will require approximately 30–40 hours.

20. Motions for Initial Pretrial Conference

Potential motions include:

Motion for preliminary injunction
Motion for class certification

21. Other Pending Motions

Plaintiffs' forthcoming preliminary injunction motion and motion for class certification.

22. Other Matters for the Court

None.

23. Disclosure of Interested Parties

All parties have filed Disclosure of Interested Parties in accordance with the Court's order.

24. Counsel Information

(Insert full signature blocks exactly as in the complaint for Plaintiffs and Defendants.)

Counsel for Plaintiffs:

**ARAMBULA TERRAZAS PLLC**

1001 S. Capital of Texas Highway, Bldg. L, Suite 250
Austin, Texas 78746
512.904.0200

By: /s/ *Eric A. Hudson*
Eric A. Hudson
State Bar No. 24059977
Fed. Id. No. 1000759
ehudson@atlawpllc.com
Cole P. Wilson
State Bar No. 24122856
Fed. Id. No. 3864133
cwilson@atlawpllc.com

Attorney-in Charge

**WRIGHT, CLOSE, BARGER & GUZMAN LLP**

By: /s/ Maha Ghyas
Maha Ghyas
State Bar No. 24138115
Fed. Id. No. 3863190
mghyas@wcbglaw.com
Bradley W. Snead
State Bar No. 24049825
Fed. Id. No. 1127744
bsnead@wcbglaw.com
Michael Adams-Hurta
adams-hurta@wcbglaw.com
State Bar No. 24097860
Fed. Id. No. 3290975
One Riverway Dr., Suite 2200
Houston, TX 77056

**ATTORNEYS FOR PLAINTIFFS ISLAMIC
SERVICES FOUNDATION, BAYAAN ACADEMY INC. AND MUNA HAMADAH**

\* \* \* \* \*

**EDWARDS SUTARWALLA SAMANI LLP**

By: /s/ Murtaza F. Sutarawalla

Murtaza F. Sutarwalla
State Bar No. 24056398
Fed. Id. No. 2589991

8

Mansoor Broachwala
Illinois State Bar No. 6326633
Fed. Id. No. 3943228
602 Sawyer St., Suite 490
Houston, Texas 77007
Phone: (713) 565-1353
Email: murtaza@esslawpartners.com
Email: mansoor@esslawpartners.com

**LAW OFFICES OF OMAR KHAWAJA PLLC**

By: /s/ Omar Khawaja
Omar Khawaja
State Bar No: 24072181
Fed. Id. No. 3521501
Abdul Rahman Farukhi
State Bar No. 24065220
Fed. Id. No. 3291830
5177 Richmond Ave.
Suite 1065
Houston, Texas 77056
Telephone: (281) 888-2339
Fax: (281) 888-2421
Email: omar@attorneyomar.com
Email: abdul@attorneyomar.com

**ATTORNEYS FOR PLAINTIFFS BAYAAN ACADEMY INC., THE EAGLE INSTITUTE, FARHANA QUERISHI, AND LAYLA DAOUDI**

* * * * *

/s/ Ayesha Najam
Ayesha Najam
Attorney-In-Charge
State Bar No. 24046507
Federal ID: 605948
anajam@gibbsbruns.com
Gibbs & Bruns LLP
1100 Louisiana, Suite 5300
Houston, Texas 77002
Tel.: (713) 650-8805
Fax: (713) 750-0903

OF COUNSEL:

9

Michael Davis
Federal ID: 3588027
mdavis@gibbsbruns.com
Gibbs & Bruns LLP
1100 Louisiana, Suite 5300
Houston, Texas 77002

**ATTORNEYS FOR PLAINTIFFS THE EAGLE
INSTITUTE, FARHANA QUERISHI, AND LAYLA DAOUDI**


Counsel for Defendants:

*/s/ Dennis Roossien*
**Randall W. Miller**
State Bar No. 24092838
S.D. Tex. No. 2526902
(214) 855-7539
rwmiller@munsch.com

**Dennis L. Roossien Jr.**
State Bar No. 00784873
S.D. Tex. No. 24036
(214) 855-7535
droossien@munsch.com

**MUNSCH HARDT KOPF & HARR, P.C.**
500 N. Akard Street, Suite 4000
Dallas, TX 75201