IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

BAYAAN ACADEMY, INC., et al.,

v.                                                    CIVIL ACTION NO. 4:26-cv-1960

KELLY HANCOCK, et al.

## DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS

Defendants' reply to Plaintiffs' response (Doc. 52) to Defendants' motion (Doc. 50).

### Summary of the Case Before the Court

Plaintiffs sued complaining the Plaintiff schools were not being given the means to apply timely to the TEFA program (Doc. 1 at 2). Plaintiffs asserted they should be admitted simply because they satisfied Section 29.358(b) of the Texas Education Code ("TEC") (*id.*). Plaintiffs' response complains the delay was due to an investigation into allegations they had ties to terrorist organizations, which they say Defendants should have rejected out of hand (Doc. 52 at 15-16).

The Court ordered Defendants to provide the Plaintiff schools with the means necessary to submit applications, and to process them in the ordinary course of the TEFA program (Doc. 17).

Defendants not only provided the means necessary to submit applications and processed them, but Defendants also admitted Plaintiffs to the program (Doc. 22 at 3-4).

The statute does not provide for an annual application process; rather, a school remains in the program unless suspended or removed. *See* TEC § 29.3585. Such a decision would be based upon new facts (Doc. 52-1 at 2, 6, 132-33), would entail notice of the grounds and other procedures per TEC § 29.3585(c), would likely involve new promulgated rules (Doc. 52-1 at 144-46), and would be made on a case-by-case basis (*id.* at 146).

The Court offered Plaintiffs the opportunity to seek additional injunctive relief (Docs. 39, 43). But Plaintiffs declined to proceed with an injunction hearing (Doc. 48).

1

Plaintiffs argue this case should be kept open against the possibility of some future decision resulting in their suspension (Doc. 52 at 13-15, 18-19, 20-21), and they go so far as to invite the Court to examine the adequacy of the procedures contained in TEC § 29.358(h) (see Doc. 52 at 8-9), even though that provision has not been applied adversely to them and may never be.

Plaintiffs alternatively assert the Court should keep this case open to address "reputational harm" and possible "distortion" of the lottery process that was conducted (*id.* at 15-16, 21).

Plaintiffs finally contend the Court should proceed with class discovery (*id.* at 16), even though, as shown below, the exception for transitory claims is not satisfied.

## The Court Should Dismiss the Case

### A. Plaintiffs' Claims Are Moot Because They Received the Relief They Seek.

The first question is whether the case is moot.

A request for injunctive relief is moot when intervening government action provides Plaintiffs what they seek in the lawsuit. *U.S. Navy SEALs 1-26 v. Biden*, 72 F.4th 666, 672-74 (5th Cir. 2023). Here, the Plaintiff schools are admitted to the TEFA program, and the individual Plaintiffs have been able to select the Plaintiff schools. There is nothing to enjoin.

A request for a declaration that past conduct was unlawful is insufficient to maintain jurisdiction. *See Green v. Mansour*, 474 U.S. 64, 67-68 (1985). Here, the delays of which Plaintiffs complain occurred in the past. The Plaintiff schools received applications and were admitted.

Plaintiffs do not appear to contest this threshold point but instead they move directly to the question of whether there is an applicable exception (Doc. 52 at 10).

### B. The Voluntary-Cessation Doctrine Does Not Preserve Jurisdiction.

The Plaintiff Schools "have been admitted into the TEFA program as approved schools" (Doc. 50-1 at 4:7-10), and TEFA payments are being made (*see* Doc. 52 at 8).

Plaintiffs assert the voluntary cessation exception, citing *FBI v. Fikre*, 601 U.S. 234 (2024).

That does not apply if the practice "cannot reasonably be expected to recur". *Id.* at 241.

Here, the question the Court has addressed through the TRO will not recur.  The original action (delaying application links until an initial investigation was completed) has been overtaken by events since not only have applications been provided, but Defendants have admitted Plaintiffs to the program (Doc. 22 at 3-4) and, because Plaintiffs have already passed the application and admission stages, they will remain in the program unless or until there is a new determination based on new evidence (Doc. 52-1 at 2, 6, 132-33), and they are sent a notice specifying grounds for removal that they could contest per TEC § 29.3585(c) (and likely rules and regulations that are still being developed as Defendants are "building a 747 in flight" (Doc. 52-1 at 144-46)).

Plaintiffs point the Court to *Fikre* as precedent. But this case is more like *Srour v. NYC*, 117 F.4th 72, 81-85 (2d Cir. 2024), where the court distinguished *Fikre* because, when the plaintiff reapplied for a permit, the city granted a permit that automatically renewed absent a decision in the future where the procedures would require a statement of reasons for any denial.  *Id.* at 84.

Plaintiffs urge the Court to apply a three-part test to see if Defendants are merely feigning statutory compliance (Doc. 52 at 11). But, even if that is the right test, the test is met. The record includes sworn testimony that suspension would require a new decision and new evidence (Doc. 52-1 at 2, 6, 132-33).[1] The statements to which Plaintiffs point speak to a concern about Texas funds flowing to Islamic Terrorists – not a concern about funds flowing to Muslim schools (Doc.

---

[1] The Court may credit this sworn statement both because this Court is entitled to find facts and this Court may apply the presumption that a government will follow a statute. *Fikre* did not engage with whether this presumption exists, and courts have continued to follow the good faith presumption and lighter burden after that decision. *Stewart v. Texas Tech Univ. Health Scis. Ctr.*, 741 F. Supp. 3d 528, 544 (N.D. Tex. 2024). Notably, the delay in providing application links was done to prevent a situation where a school was simultaneously approved under TEC 29.358(b) instantly suspended under TEC 29.358(h) (Doc. 52-1 at 41), and in the belief the application process had to be completed no sooner than July 15, 2026 (*id.* at 44).

52 at 6-7). Defendants are not defending the earlier decision to withhold links. They have simply released links, considered the applications when submitted, and admitted the Plaintiff schools.

### C.  The "Capable of Repetition, Yet Evading Review" Exception Does Not Apply.

The same situation cannot be repeated. Defendants cannot delay admission while an investigation is conducted. Plaintiffs are now in TEFA. They are getting TEFA benefits.

Plaintiffs wrongly characterize their situation as being in an annual cycle that is too short for review. Rather, a school remains in the program unless suspended. *See* TEC § 29.3585. So, there would be ample opportunity to review any future decision made adverse to Plaintiffs.

Plaintiffs point to *Kingdomware Techs., Inc. v. United States*, 579 U.S. 162 (2016). But, that was a case where the "same legal issue" would arise in later applications. 579 U.S. at 170. Here, the application process is over, such that a future case would be an appeal of a decision made under TEC § 29.3585(c), based upon new facts (Doc. 52-1 at 2, 6, 132-33), likely involving new promulgated rules (Doc. 52-1 at 144-46), and made on a case-by-case basis (*id.* at 146).

### D.  Class Allegations Do Not Support Jurisdiction.

Plaintiffs appear to accept that the class action allegations only help maintain jurisdiction if the Court finds the claims are transitory (Doc. 52 at 16-17).

But Plaintiffs wrongly characterize their situation as being on an annual application/approval cycle. A school remains in the program unless suspended. *See* TEC § 29.3585. The individual Plaintiffs and any future applicants will continue to be able to select them.

Also, Plaintiffs were not admitted simply because they filed suit while others were not. All of the schools that were delayed by investigations have been admitted (Doc. 52-1 at 189).

Finally, schools were considered case-by-case (*see, e.g.,* Doc. 52-5, 52-9, & 52-10), and any future decision would likewise be one where specific grounds are stated and a challenge to such particular grounds would be allowed. TEC § 29.3585(c).

**E. Immunity Bars Attacks on Past Actions.**

If the Court concludes that mootness bars Plaintiffs from continuing this action based on the possibility of future harm, then the Court should also dismiss Plaintiffs' request for remedial steps under the doctrine of immunity.

Plaintiffs complain "most importantly" that they continue to suffer harm and injuries as a result of Defendants' conduct (Doc. 52 at 21), which refers to alleged "reputational harm" and supposed theoretical "distortion" of the lottery process that was conducted (*id.* at 15-16).

But "*Ex parte Young* cannot be used to attack [an official's] past actions," and so relief tied to a past act is "purely retrospective" and barred by sovereign immunity. *U.S. v. Abbott*, 85 F.4th 328, 336-37 (5th Cir. 2023).

As for future acts, the issue is mootness. Since the case is moot, it should not be held open waiting for future action. Since immunity applies, past acts do not sustain jurisdiction.

Dated: July 24, 2026                    Respectfully submitted,

　　　　　　　　　　　　　　　　　　 */s/ Dennis L. Roossien Jr.*
　　　　　　　　　　　　　　　　　　 Randall W. Miller
　　　　　　　　　　　　　　　　　　 State Bar No. 24092838 / S.D. Tex. No. 2526902
　　　　　　　　　　　　　　　　　　 Dennis L. Roossien Jr.
　　　　　　　　　　　　　　　　　　 State Bar No. 00784873 / S.D. Tex. No. 24036
　　　　　　　　　　　　　　　　　　 MUNSCH HARDT KOPF & HARR, P.C.
　　　　　　　　　　　　　　　　　　 500 N. Akard Street, Suite 4000
　　　　　　　　　　　　　　　　　　 Dallas, Texas 75201
　　　　　　　　　　　　　　　　　　 Tel: (214) 855-7500
　　　　　　　　　　　　　　　　　　 Email: rwmiller@munsch.com / droossien@munsch.com

　　　　　　　　　　　　　　　　　　 *Counsel for Defendants*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 24, 2026, a true and correct copy of the foregoing was filed and therefore electronically served on all counsel of record via ECF.

　　　　　　　　　　　　　　　　　　 */s/ Dennis L. Roossien Jr.*
　　　　　　　　　　　　　　　　　　 Dennis L. Roossien Jr.